## McLaughlin v. Shore.

(Decided March 13, 1913.)

### Appeal from Kenton Circuit Court.

1. Board of Education—Officer of Insuring Property of Board—Section 3223 Kentucky Statutes.—When an officer of the Board of Education in a city of the second class, acts as agent for an Insurance company, and insures the property of the board in his own company, receiving a commission out of the premium, this is a violation of Section 3223 Ky. Stats., and subjects the officer to removal.

2. Board of Education—Power of to Remove Clerk.—The Board of Education has power to remove its clerk although the offense was committed during a former term, and he had since been re-elected for another term.

3. Board of Education—Removal of Clerk.—The Board of Education under 3223 Ky. Stats. may remove the clerk and it is unnecessary that he should be proceeded against before the Board of Aldermen.

BYRNE & READ and A. E. STRICKLETT for appellant.

ORIE S. WARE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

This suit was brought by W. A. Shore against W. P. McLaughlin to recover possession of the office of Clerk

of the Board of Education of the city of Covington. The facts of the case are these: W. P. McLaughlin while he held the office of clerk of the Board of Education of the city of Covington, in September and November, 1911, wrote policies of insurance to the Board of Education in the Standard Fire Insurance Company, thereby insuring the property of the Board of Education against loss by fire. He received his commissions from the insurance company for writing the insurance. His term of office as clerk expired on December 31, 1911, and he was re-elected for a term of two years, beginning January 1, 1912, the board being then in ignorance of his being the agent of the insurance company in writing the insurance. On April 4, 1912, the president of the board presented to it a communication charging the clerk with writing fire insurance on the property of the board as the agent of the insurance company. The communication was referred to a committee; the committee reported on May 2, 1912, filing with their report a letter written by Mc-Laughlin to them in answer to a communication from them asking him for the facts of the matter. In this letter he admitted having written the policies of insurance, and that he was the agent of the insurance company, but stated that the insurance was given to him by the building committee. The building committee, however, stated that they had not given the policies to the clerk or authorized him to write any in a company of which he was the agent, and that they did not know that he was the agent of the company in which he had written the insurance. The report of the committee to whom the charges had been referred was to the effect that the clerk should be removed from office. The report was laid over to May 23. McLaughlin was present at both these meetings of the board, and submitted to the board a statement in writing in which he said that no harm had been done the board; that the premium was the same in all the companies, and that he did not know of the statute or intend to violate it, and that he had taken no advantage of his official position in knowing of the expiration of policies. He asked that the matter be passed over by the board. The board, however, declined to do this, and by a majority vote McLaughlin was removed from office. At a subsequent meeting of the board Shore was elected clerk, and qualified; but McLaughlin declining to surrender the office to him, he brought this suit to oust Mc-Laughlin. On a hearing of the case in the circuit court,

a judgment was entered in favor of the plaintiff. The defendant appeals.

It is insisted that issuing policies of insurance by the clerk of the board is not such a violation of law as would authorize the removal of the clerk from office. Section 3223 Ky. St. is as follows:

"No member of the Board of Education, or officer, or teacher or employe, thereunder, shall be, directly or indirectly, interested in any contract with, work done for or by, or furnishing of supplies, or sale of property to or for, the said board; * * * or hold any office or employment in any company or corporation which has been, or is, an applicant for any contract with said board. * * * Any person violating the provisions of this section shall be guilty of a misdemeanor, and shall forfeit his office or position, and be ineligible to be a member of, or hold any office or employment under, said board." (Sec. 3223, Ky. St.)

The clerk is an officer of the Board of Education. He was directly interested in the contracts made with the insurance company, and received a commission from the insurance company for writing the policies. The purpose of the statute is to protect the interest of the schools by requiring all the business of the school board to be transacted by officers having only the interest of the schools in view. It is hard to understand why contracts of insurance are not as much within the statute as any other contracts. The clerk, as the custodian of the records of the board, shall be disinterested in these matters. The statute is valuable and must be liberally construed with a view to promote its purpose.

It is also insisted that the board was without power to remove McLaughlin, his term of office having expired on December 31, 1911, and he having been re-elected for another term after the policies referred to were written. But it will be observed that under the statute the officer shall not only forfeit his office, but shall be ineligible to hold any office or employment under the board. His re-election by the board cannot make the statute inoperative. He was ineligible for the office, and the board, when this came to its knowledge, properly removed him from office. The purpose of the statute is to exclude from office under the board persons who violate its provisions, and the object of the statute would be largely defeated if it were held that an officer who concealed his offense until after that term had expired could continue to hold office under

a new election. The meaning of the statute is that persons who have violated its provisions shall not thereafter be permitted to hold office under the board.

Lastly, it is insisted that the clerk cannot be removed from office except by trial and conviction by the Board of Aldermen. The statute which authorizes the clerk's appointment is in these words:

"Said board shall have power to appoint a clerk, and prescribe his duties and term of office, fix his compensation and pay the same out of the school fund, and shall require of him bond and security, if they deem the same necessary." (Sec. 3226, Ky. St.)

Pursuant to the statute, the board adopted rules, among which are the following:

"The board, on the first Monday in January after the election of members, shall elect a clerk, who shall hold his office for two years, or until his successor is duly chosen and qualified. It shall require a majority of the members composing said board to elect a clerk.

"For any malfeasance in office, wilful neglect of duty, or violation of the rules of the board, the clerk may be removed from office, a majority of the members thereof concurring."

It will be observed that under the statute the board has power to appoint a clerk and prescribe his term of office. Pursuant to the statute, the board prescribed that he should hold office for two years, but that for any malfeasance in office, wilful neglect of duty or violation of the rules of the board, he should be removed from office, a majority of the members of the board concurring. His term of office therefore is, under the statute, dependent upon the regulations of the board; and by one of the regulations of the board he may be removed from offiec for any malfeasance in office, or violation of the rules of the board. The board having learned that he had violated section 3223 Ky. St., and committed a malfeasance in office, rendering him ineligible for the office, had not only the power to remove him, but it was their duty to do so. If they had failed to remove him and had undertaken to condone the offense, they would have violated the statute.

We, therefore, conclude that the circuit court properly gave judgment in favor of the plaintiff.

Judgment affirmed.