## STATE OF MISSOURI, Respondent, v. LEE STEPHENS, Appellant.

### Springfield Court of Appeals, December 22, 1916.

1. **JURY:** *Challenge of Juror: What Not Ground.* It is not ground for challenge of a juror for violation of the Local Option Law because such juror was a member of a commercial club which had passed a resolution in favor of law enforcement and urging officials to do their duty in the prosecution of such violations.

2. **DEFINITION:** "Unanimously:" Meaning of. The term unanimously used in connection with a vote taken by an organization on some matter before it does not always mean that every one present voted for the proposition. It generally means that when a *viva voce* vote is taken no one voted in the negative.

3. **INSTRUCTIONS:** Harmless Error: Criminal Law: Credibility of Witnesses. Prosecution for violation of Local Option Law. There was abundant testimony of the commission of similar crimes by the accused and the offense was clearly proven. The accused having testified for himself, an instruction to the effect that his interest and the fact that he was on trial might be considered as affecting his credibility was not reversible error, notwithstanding that a general instruction on the credibility of witnesses had been given.

Appeal from Howell County Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED.

J. L. Bess, Prosecuting Attorney for respondent.

M. E. Morrow for appellant.

ROBERTSON, P. J.—The defendant was convicted of violating the Local Option Law upon an indictment found by a grand jury, fined $600 and sentenced to eight months in jail. He appeals.

There are but two questions involved. One of them is that the trial court erred in accepting as a juror, over defendant's objection, one who was a member of the West Plains' Commercial Club, the place at which the crime was committed, and was present at a meeting of that organization when a resolution was adopted reading as follows:

"Whereas this Commercial Club stands for law, and its enforcement, for the conviction and punishment of all violators of the law so far as possible, so as to protect the rights of law-abiding citizens: and, deploring the fact that there has lately been an unusual amount of law violations especially of the Local Option Law:

"Therefore, Resolved, First—that this Commercial Club heartily commend the grand jury lately in session for their faithful work.

"Second, that we urge and insist on the rigid prosecution of all who were indicted by said grand jury, and that they be punished according to law, without any paroles or stay of execution believing this is the only way to crush out crime.

"Third, that this club render all the assistance we can to the prosecuting attorney and court in the prosecuting of these cases."

The juror testified that he thought that the resolutions were unanimously adopted by the club. He did not testify that he voted for the resolution. "Unanimously" when used in this connection, does not always mean that everyone present voted for the proposition upon which action was thus taken, but it may, and generally does, mean, when a *viva voce* vote is taken, as in this case,

that no one voted in the negative. If the juror voted for the adoption of this resolution and it referred, which the testimony does not disclose, to indictments of a grand jury which included the one involved here, yet the juror expressed himself only as a good citizen in favor of punishing, according to law, the violators of the Local Option Law and expressed himself as against paroles. The resolution declared, and the juror concurred in it if he voted, that the club render assistance to the prosecuting attorney and the court in the prosecution of the cases. There is no testimony that any action was taken by the club or any members thereof along that line. The most that can be said of this resolution is that it and those voting in favor thereof declared for law enforcement.

"The expression, or the existence of bias, or prejudice against *crime* constitutes no cause of challenge." [State v. Burns, 85 Mo. 47, 49.] The trial court committed no error in overruling the challenge of this juror.

In behalf of defendant is sited the case of State v. Fullerton, 90 Mo. App. 411; 413. In that case the juror was a member of an association organized principally for the purpose of prosecuting persons charged with the sale of intoxicating liquors. The association had employed a witness for the State to make the purchase involved in that prosecution. Although the juror had contributed no money to the organization he stood ready to do so when called upon therefor. A statement of that case is sufficient to suggest its distinction from this.

The other point relied upon is that since a general instruction was given on the credibility of witness it was error, the defendant having testified in his own behalf, to instruct the jury further that he, "is a competent witness in his own behalf and you should duly consider his testimony and weigh it by the same rules you do that of other witnesses but you may consider the fact that he is a party on trial and his interest for the purpose of affecting his credibility as a witness." It is said that this is such an improper instruction as to necessitate a reversal and that the Supreme Court of this State has so held in the case of State v. Evans, 183 S. W. 1058,

1066, but that opinion has been misconstrued by the attorney for appellant.

It does not hold that in all criminal cases it is reversible error to give an instruction of this character. That was a felony case. In the case at bar there was much testimony of other violations of the Local Option Law by the defendant and the testimony is ample and convincing as to the sale upon which the State relied, so that we are not out of harmony with the decisions of the Supreme Court when we hold, as we do, that there was no reversible error in giving this instruction in this case.

The judgment is affirmed. *Farrington* and *Sturgis, JJ.,* concur.