## Hall v. Boyd County Board of Education et al.

(Decided Oct. 9, 1936.)

HANNAH, VAN SANT & McKENZIE for appellant.
HARRY F. PRICE for appellees.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This is an appeal from a judgment of the Boyd circuit court sitting in equity. The chancellor sustained a demurrer to the plaintiff's petition, and, she having declined to plead further, the petition was dismissed. This appeal followed.

The plaintiff, now appellant, duly applied for a position as teacher in the elementary schools of Boyd county for the school year 1936-37, and the county school superintendent recommended her employment to the appellee board of education. Appellant was a first cousin of one of the members of the board, and this member was therefore disqualified from voting under the provisions of section 17, article 5, of the Acts of 1934 (Ky. Stats. 1934 Supp. sec. 4399-22). So much of the section as is applicable here reads as follows:

"No member of a board of education shall vote regarding the appointment or employment in any capacity of any person related to such member as father, mother, brother, sister, husband, wife, son, daughter, nephew, niece, aunt, uncle, son-in-law, daughter-in-law, or first cousin, and the entire vote of the remainder of the board shall be required in the case of appointment of such person."

Three of the remaining members of the board voted in favor of the employment of the appellant, but one member voted against her employment. The chairman of the board thereupon declared that the motion to employ her had not carried. This suit was then filed by appellant to require the board to employ her. It is admitted that appellant has the necessary moral and educational qualifications, and it is conceded that where a nominee possesses these qualifications and is recommended by the superintendent, it is ordinarily the duty of the county board of education to elect him. Stith v. Powell, 251 Ky. 155, 64 S. W. (2d) 491. We are confronted, therefore, with the duty of construing the portion of the 1934 act quoted above to determine whether or not an applicant for employment who is related to a member of the board must receive the affirmative vote of all of the remaining members of the board, and also whether or not a member of the board has a discretion to vote for or against such an applicant, conceding that

the applicant has the necessary moral and educational qualifications.

It is obvious that the purpose of the quoted portion of the 1934 act was to stamp out nepotism in the schools. It is argued for appellant that it was the intention of the Legislature simply to require that all of the members of the board not related to the applicant should vote, and that so long as the applicant secured a majority of the remaining votes it is immaterial whether or not a minority voted against the employment. The objection to this argument seems to us to rest in the word "entire" as used in the act. It does not say that "the vote of the remainder of the board shall be required." It says that "the *entire* vote of the remainder of the board shall be required." We have construed the word "entire" to be synonymous with "undivided." Williams v. Vancleave, 7 T. B. Mon. 388. With the plain purpose of the act in mind, it seems to us that the provision means that an applicant must secure the undivided, or unanimous, affirmative vote of the remainder of the board in the cases contemplated. The juxtaposition of the word "entire" to the word "vote" indicates, we think, that it was used in this sense. It follows that appellant is not entitled to the relief which she asks unless, under the decision in Stith v. Powell, supra, the dissenting member had no discretion in the matter once it had been determined that the nominee of the superintendent had the requisite educational and moral qualifications. Here, again, the purpose of the provision must be construed.

If a nominee did not have the necessary educational or moral qualifications, it would be the duty of members of the board to refuse to employ him whether he was related to a member or not. If the members of the board could refuse employment only under these conditions, the provision striking at nepotism would be innocuous, and there would be no reason for embodying it in the act. We conclude, therefore, that it was the intention of the provision to give to the members of the board a right to vote against the employment of an applicant, otherwise qualified, solely because of his or her relationship to another member. We see no other construction which will give full force to the plain purpose of the act and all of the words used.

Judgment affirmed.