**Herbert H. WOLFF, Appellant,**

**v.**

**TRAVELERS INSURANCE COMPANY,**
**Appellee.**

**No. 11435.**

Court of Civil Appeals of Texas.

Austin.

Dec. 14, 1966.

Rehearing Denied Jan. 4, 1967.

Jack Garey, K. Mack Kidd, Austin, for appellant.

Meyers, Shannon & Armstrong, James R. Meyers, Austin, for appellee.

PHILLIPS, Justice.

This is a workmen's compensation case wherein the claimant, appellant here, sustained a back injury when he fell off a bus chassis during the course of his employment for Ward Body Works of Austin. Trial was to a jury which found that as a result of the injury to his back claimant was totally and permanently incapacitated. The jury further found that a proposed surgical operation designed to fuse the lower part of his lumbar spine would not materially improve his condition and that such an operation would be more than ordinarily unsafe for claimant to undergo. The trial court rendered judgment for appellee notwithstanding the verdict which in effect, upheld the order of the Industrial Accident Board hereinafter described.

We reverse the judgment of the trial court and render judgment for appellant.

Before the trial appellee had admitted liability for a compensable injury and made regular weekly compensation payments for a period of time. Subsequently, appellee made a demand for surgery before the

Industrial Accident Board. Pursuant to this demand two of the three members of the Board ordered appellant to undergo a proposed spinal fusion operation. Claimant refused the operation, consequently the Board limited appellant's compensation to fifty two weeks under the provisions of Vernon's Tex.Rev.Civ.Stat.Ann. art. 8306, Sec. 12b (1917). Hence the abovementioned trial and judgment.

Appellant is before us on twenty two points of error primarily concerned with the sufficiency of the evidence to sustain the jury's findings on the surgery Sections 12b and 12e, Tex.Rev.Civ.Stat.Ann. art. 8306, among other points, and the court's judgment notwithstanding said verdict.

█ We hold that the provisions in Sections 12b and 12e of Article 8306 providing that the Board shall not order an injured workman to submit to surgery unless their concurrence is by unanimous vote requires that all three members of the Board be present and vote and such vote be unanimous. It is undisputed that the employee representative, Mr. Leonard Carlton, was not present either during the discussion or the final decision requiring claimant to submit to surgery. Consequently we will only discuss this point raised by appellant in his assignments of error XV to XX.[1]

---

1. "Point of Error No. XV: The trial court erred in entering judgment that claimant be limited to 52 weeks compensation because the Industrial Accident Board did not unanimously order the claimant to submit to surgery as required by Sections 12b and 12e; Article 8306, V.A.C.S.
   Point of Error No. XVI: The trial court erred in overruling plaintiff's motion to strike because the Industrial Accident Board did not unanimously order the claimant to submit to surgery as required by Sections 12b and 12e, Article 8306, V.A.C.S.
   Point of Error No. XVII: The trial court erred in overruling plaintiff's motion in limine and admitting evidence on the question of the proposed surgery because the Industrial Accident Board did not unanimously order the claimant to submit to surgery as required by Sec-

   tions 12b and 12e, Article 8306, V.A.C.S.
   Point of Error No. XVIII: The trial court erred in submitting Special Issue No. 9 to the jury because as a matter of law the Industrial Accident Board did not unanimously order the claimant to submit to surgery as required by Sections 12b and 12e, Article 8306, V.A.C.S.
   Point of Error No. XIX: The trial court erred in submitting Special Issue No. 10 to the jury because as a matter of law the Industrial Accident Board did not unanimously order the claimant to submit to surgery as required by Sections 12b and 12e, Article 8306, V.A.C.S.
   Point of Error No. XX: The trial court erred in overruling plaintiff's motion for new trial because the Industrial Accident Board did not unanimously order the claimant to submit to surgery as required by Sections 12b and 12e, Article 8306, V.A.C.S."

Tex.Rev.Civ.Stat.Ann. art. 8307, Sec. 8, states that: "A majority of the Board shall constitute a quorum to transact business, and the Act or decision of any two members thereof shall be held the act or decision of the Board, *except as otherwise herein specifically provided."* (Italics added.)

The Workmen's Compensation Act is extremely long and detailed, however there are only two instances where the findings of the Board are required to be unanimous and these are with respect to the surgery Sections 12b and 12e of Article 8306.[2]

Webster's New International Dictionary, Second Edition, Unabridged, describes unanimous as:

"1. Being of one mind; agreeing in opinion, design or determination; consentient; as, the assembly was *unanimous;* the members of the council were unanimous in their approval of the report.

2. Formed with or indicating unanimity; having the agreement and consent of all; as, a *unanimous* opinion, vote." (Italics added.)

Under the provisions of Article 8307, cited above, a quorum of the Board, or two members, may transact the vast and extensive business of the Board with the exception of the surgery provisions where the findings of the Board must be unanimous. To interpret these surgery provisions as

having no different requirement from the other provisions of the Act would be to ignore the word "unanimous" entirely.

53 Tex.Jur.2d, As to language of statute, Sec. 181 (1964) states the law as follows: "Where the statutory language is plain and unambiguous, and expresses a single definite and sensible meaning, it is conclusively presumed that the legislature intended to convey that meaning."

Section 2 of Article 8307, cited above, entitled "Eligibility of Members" states that at the time of each appointment one member of the Industrial Accident Board shall be an employer of labor in some industry or business covered by this law; one shall be employed in some business industry as a wage earner, and the third member shall be a practicing attorney of recognized ability, and shall act in the capacity of legal adviser to the Board, in addition to his other duties as a member thereof, and be chairman of said Board.

In Tex.Atty.Gen.Op. Nos. 0–5079, (1943) and 0–4837, (1942) the Attorney General, in response to questions concerning the eligibility of members to the Board, pointed out that the qualifications described in Section 2 of Art. 8307 must be strictly construed in that they must truly represent the categories of endeavor described in the statute.

We quote from Opinion 0–4837: "Section 2, of Article 8307 quoted by you evidences,

2. Those parts of Art. 8306 requiring a unanimous finding by the Board are as follows:
"If the examination and the written report thereof and the expert opinions thereon then on file before the board do not show to the board the existence of disease or other physical condition rendering the operation more than ordinarily unsafe and the board shall *unanimously* so find and so reduce its findings to writing and file the same in the case and furnish the employé and the association with a copy of its findings, then if the employé with the knowledge of the result of such examination, such report, such opinions and such findings, thereafter refuses to submit within a reasonable time, which time shall be fixed

in the findings of the board, to such operation, he shall be entitled to compensation for incapacity under the general provisions of this law for a period not exceeding one year. * * * If it be shown by the examination, report of facts and opinions of experts, all reduced to writing and filed with the board, that such operation is advisable and will relieve the condition of the injured employé or will materially benefit him, the board shall so state in writing and upon *unanimous* order of said board in writing, a copy of which shall be delivered to the employé and the association, shall direct the employé at a time and place therein stated to submit himself to an operation for said injury." (Italics added.)

we think, a very definite purpose on the part of the legislature that the membership of the Board should consist of a representative of employers of labor, a representative of labor, who himself is a wage earner, and lastly, of a lawyer. In prescribing the eligibility of the representative of labor, the statute requires that he be 'employed in some business industry.' We think this is a significant limitation upon the eligibility of such member. It is not enough to meet the requirement of the statute that he be an employee of some business, or of some industry. He must be employed in some 'business industry.'"

In Texas State AFL–CIO v. Brown, 378 S.W.2d 917 (Tex.Civ.App. Austin 1964, writ ref'd n. r. e.) this Court recognized the fact that where a statute sets up a board (in this case the Texas Employment Commission) where individual members are to represent labor, management and the public respectively, the members are in fact agents for these various classifications and their partiality to such classifications is to be expected.

Consequently, the law envisioned that a totally disabled claimant 58 years old, with a history of epilepsy faced with a decision of whether to undergo major surgery or limit his compensation to 52 weeks would be entitled to have the labor representative on the board cast a vote.

In State ex rel. Rea v. Etheridge, 32 S.W.2d 828 (Tex.Comm'n App.1930, holding approved), the Court held that a statute empowering a quorum of a city council to enact taxing ordinances by two thirds vote of council does not authorize acceptance by two thirds vote of council present and voting, a quorum being necessary, but where the council consisted of five aldermen, two thirds vote of the entire elected group or all five, was necessary. The Court said: "However, if no text-writer, and no appellate court had ever discussed the proposition, in view of the public policy of this state on the subject, we would feel bound to give to the language in article 961 'council of such city,' under the facts of this case, which are not contradicted, the construction which we have indicated, and to hold as an original proposition that this language must be strictly construed, and the means prescribed by law must be closely followed, to exercise the taxing power by virtue of title 28. The statute says that the town council shall be composed of five aldermen, and, strictly construing this language, there is no escape from the conclusion that the word 'council,' as thus used in that connection, means the five aldermen having the power to vote on propositions, and it was necessary in this instance, in order to enact a valid ordinance on this proposition, that two-thirds of the five aldermen should have been shown by the record affirmatively to have voted in favor thereof."

■ It is now well settled that the statute is to be liberally construed in favor of the injured employee and the beneficiaries designated and any reasonable doubt that may arise as to the right of the injured employee to compensation will be resolved in favor of that right. 62 Tex.Jur.2d, Construction of act, Sec. 8 (1965) and the cases cited.

■ Inasmuch as the jury found that the injury incurred by the appellant in the course of his employment was total and permanent and inasmuch as the order of the Board ordering surgery or limiting recovery to fifty two weeks is void, we reverse and render this case in favor of appellant and hold that he is entitled to full compensation for permanent and total disability.

The judgment of the trial court is reversed and rendered.

Reversed and rendered.