Eugene LETCHER, Appellant,

v.

COMMONWEALTH of Kentucky ex rel. Robert MATTHEWS, Attorney General, Appellee.

Court of Appeals of Kentucky.

Dec. 16, 1966.

As Modified on Denial of Rehearing
April 28, 1967.

Ben B. Fowler, Dailey & Fowler, Frankfort, for appellant.

Frank G. Gilliam, Lexington, for appellee.

MONTGOMERY, Judge.

Eugene Letcher appeals from a judgment ousting him from the office of member of the Nicholas County Board of Education. The trial court found that Letcher voted to employ his sister, Marie Crawford, and

that he voted to pay his wife for tomatoes she sold for use in the school lunchroom. It, therefore, was concluded that Letcher had violated KRS 160.180(2) and (4). Consideration of the finding and conclusion concerning the sister's employment as a violation of KRS 160.180(4) is sufficient.

Appellant's fifth term as a member of the Nicholas County Board of Education started in January 1965. Prior to the merger of the Nicholas County district and the Carlisle independent district in May 1963, Marie Crawford had been employed as a cafeteria worker at the Carlisle independent district school.

The pertinent portion of the record of the board meeting concerning the employment is as follows:

"RECORD OF BOARD PROCEEDINGS
(Minutes)

Carlisle, Ky., September 3, 1964

The Nicholas County Board of Education met at Carlisle, Kentucky, at 8:00 o'clock P.M., on the 3rd day of September, 1964, with the following members present:

(1) Mr. Gaunce    (2) Mr. House    (3) Mr. Letcher
(4) Mr. Talbert    (5) Mr. Sims    (6) Mr. Coatney
(7) Mr. Dayton

Absent: Mr. Wills, Mr. Johnson, & Mr. Craig were absent throughout the meeting and votes recorded all yea indicate the vote of the seven present."

\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*

"It was moved by Mr. Dayton, seconded by Mr. House, to employ cafeteria workers and set salaries as recommended by the principals of the four schools of county and school lunch director.

"Carlisle School
Marie Crawford—$145.00
Edna Boyd—$130.00
Blanche Tapp—$130.00

\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*

"Votes: All Yea; Nay, none. (Absent—Wills, Johnson & Craig."

———◆———

KRS 160.180(4) provides:

"No member of a board of education shall vote regarding the appointment or employment in any capacity of any person related to him as father, mother, brother, sister, husband, wife, son, daughter, nephew, niece, aunt, uncle, son-in-law, daughter-in-law or first cousin, and the majority vote of the remainder of the board is required in case of appointment or employment of such person."

The purpose of this statute is "to stamp out nepotism in the schools." Hall v. Boyd County Board of Education, 265 Ky. 500, 97 S.W.2d 38.

Appellant makes the following contentions with reference to the employment of his sister:

(1) His re-election and assumption of a new term of office made him liable only for delinquencies occurring in the new term;

(2) The trial court's finding that appellant voted for the employment of his sister is clearly erroneous since there is no proof that he cast such a vote;

(3) Assuming that he did vote for his sister's employment, this act does not disqualify him from office; and

(4) There is no prohibition against a school board member's voting to pay a relative after a relative is employed.

■ The first contention is based on Graham v. Jewell, 204 Ky. 260, 263 S.W. 693, wherein the court held "that the action of the board in removing or attempting to remove Graham (county school superintendent) cannot be sustained on the charges made and evidence adduced, * * *." One question raised concerned delinquencies which had occurred in a prior term. In that case it was recognized that in impeachment or other proceedings for removal, where by statute a removal carries with it a disqualification to hold office in the future, a removal may be had for acts committed during a prior term of office. McLaughlin v. Shore, 152 Ky. 746, 154 S.W. 45.

In McLaughlin, it was said:

"The purpose of the statute is to exclude from office under the board persons who violate its provisions, and the object of the statute would be largely defeated if it were held that an officer who concealed his offense until after that term had expired could continue to hold office under a new election. The meaning of the statute is that persons who have violated its provisions shall not thereafter be permitted to hold office under the board."

KRS 160.180, in its entirety, concerns the matters of eligibility and disqualification of school board members. Subsection (1) prescribes the qualifications. Subsection (1) (e) disqualifies any person who at the time of his election is directly or indirectly interested in the sale of various items for which school funds are expended. Subsection (1) (f) renders anyone ineligible for membership who "has been removed from membership on a board of education for cause." Subsection (2), in part, condemns conduct of a board member contrary to subsection (1) (e) which occurs after election to the board. Subsection (3) specifically makes a board member ineligible for reelection who has become disqualified. Subsection (4) has been quoted heretofore.

Subsection (4) was originally embodied in Section 17, Chapter 65, Article V, Acts of 1934, which was a reorganization act of the educational system. Section 17, later Subsection (4), was entitled in the legislative act "Qualifications of Board Members." Section 17 was substantially the same as KRS 160.180, except 'that Subsection (4) thereof was an unnumbered paragraph in the middle of Section 17. It remained so in Chapter 4, Acts of 1938, when this section was amended in a respect not pertinent here. Thus, the conclusion is justified that Subsection (4), KRS 160.180, was originally intended as a disqualification. Otherwise, it would not have been incorporated in Section 17, dealing with qualifications of board members. The division of Section 17 into subsections of KRS 160.180, when the statutes were revised, did not change the legislative intent that its violation should constitute a disqualification of the board member.

In Commonwealth ex rel., Matthews v. Coatney, Ky., 396 S.W.2d 72, two other members of the Nicholas County Board of Education, one of whom was present and voted affirmatively on the matter concerning appellant's sister, were held to have vacated the office of board member because of violations of KRS 160.180(1) (e) and (2). It was pointed out in that case, as well as in others cited therein, that the statute was intended " * * * to eliminate possible conflicts of interest of board members * * *." The salutary purpose of the statute is discussed at length in Douglas v. Pittman, 239 Ky. 548, 39 S.W.2d 979. In Coatney and in Douglas, as well as in Commonwealth ex rel., Breckinridge v. Collins, Ky., 379 S.W.2d 436, it was pointed out that the court has consistently followed its strict interpretative rule of KRS 160.180.

The court is not blind to the situations which may arise as exemplified by the demonstrated conduct of the three members of the Nicholas County Board of Education. In view of the purposes of KRS 160.180, and especially of subsection 4, it cannot be doubted that the statute equally condemns a board member who is interested in making sales to the board or in obtaining employment for a sister. For the purposes of the statute, no distinction can be seen between the two.

■ Ouster from office and disqualification to hold such office in the future is a drastic penalty. The repeated reference in the statute to such disqualification indicates the serious purpose the Legislature had in enacting such statute. The large amount of tax money involved in financing the various public systems of education and the great responsibility of affording children the best education possible for the money available undoubtedly were two factors considered by the Legislature in providing KRS 160.180 as a safeguard against the selfish motives of the board members and their selfish use of school money in the operation of such systems. It is concluded that as to a board member for whom disqualification becomes a bar to holding such office in the future, the Legislature intended that the assumption of office under a new term does not "whitewash" any misconduct occurring in a previous term. The cases cited compel such conclusion. Graham v. Jewell, supra, may be distinguished on the basis of the office involved; otherwise, it is overruled in so far as it may be inconsistent herewith.

■ The second contention, that the court's finding that appellant voted for his sister is not supported by the proof, is untenable. The minute of the board meeting shows that appellant voted in the affirmative to employ his sister.

■ ■ Likewise, there is no merit in the argument that the quoted board meeting minute merely constitutes an order setting the sister's salary and ordering her paid. The motion made was "to employ" and "set salaries." The reading of the minute plainly shows that it is a record of the board's action in employing and setting salaries for the sister and other named persons. Although it may be required that such employment be recommended by a principal or superintendent, it is still the function and responsibility of the board to employ and pay.

The fact that appellant may have abstained from voting on such matters in other years is not controlling in the face of the board's record. Also, there is no merit in the argument that appellant should not be disqualified because his conduct constituted merely an attempt to vote for a relative. The court found, based on a board record, that appellant did vote for his sister.

Appellant seeks comfort in Hall v. Boyd County Board of Education, 265 Ky. 500, 97 S.W.2d 38. It was held there, in effect, that a relative could be employed without considering the disqualifying vote of a board member. There, the question was whether the relative had been validly employed. Here, the question is whether a board member has disqualified himself. The validity of the employment of appellant's sister is not involved, nor is the question of whether a board member is prohibited from voting to pay a relative after the relative has been employed. KRS 160.-180(4) is concerned with "appointment or employment" and is not concerned with payment.

Judgment affirmed.