**Darrell STRINGER, Appellant,**

v.

**COMMONWEALTH of Kentucky ex rel. Robert MATTHEWS, Attorney General, Appellee.**

Court of Appeals of Kentucky.

May 17, 1968.

204

William B. Byrd, Paducah, for appellant.

Boyce Clayton, Benton, Ben B. Fowler, Dailey & Fowler, Frankfort, for appellee.

HILL, Judge.

The appeal herein questions a judgment removing appellant from his office of member of the Livingston County Board of Education in a *quo warranto* proceeding instituted by the Attorney General February 8, 1967.

Previously, on January 31, 1963, the Attorney General of Kentucky at that time

instituted a similar *quo warranto* proceeding in which a part of the same facts relied upon in the present case were alleged as grounds for his removal in that proceeding.

At the time of the first suit, appellant was in his first four-year term. In the first proceeding, appellant was enjoined from acting as a board member; and after a superintendent was elected without appellant's participation, the suit was dismissed.

Appellant was reelected in 1964 for another four-year term; and true to form, when it came time to employ a superintendent of schools again, the name and consent of the Attorney General were made available under KRS 415.030 and 415.050.

The first ground in the present proceeding for the removal of appellant charges he sold three items, totaling $64.85, through his hardware store to the school system in violation of KRS 160.180(2). The second ground charges that he voted to employ his wife as music teacher for the county schools in violation of KRS 160.180(4).

The minutes of the Livingston County Board of Education show that on May 7, 1962, March 2, 1964, and April 5, 1965, appellant voted to employ his wife as a teacher for the county schools.

Appellant takes the position on this appeal that appellee is "estopped and barred by laches" from asserting the first ground; that is, the sale of merchandise prior to the 1963 proceeding. As to the charge that he voted to employ his wife, appellant argues that the minutes of the meeting of the board of education were incorrect; that he desired to furnish further evidence to show they were incorrect and was refused the opportunity to do so by the trial court; and that, therefore, the trial court erred in granting summary judgment.

We first consider the issue of estoppel and laches. The order of dismissal of the first proceeding did not state whether the action was being dismissed with or without prejudice. CR 41.01 provides that a voluntary dismissal of an action by the plaintiff is without prejudice.

Appellant cites Jones v. Rayborn, Ky., 346 S.W.2d 743, and 74 C.J.S. Quo Warranto § 22, as holding the state may be estopped by the acts of its officials. Conceding this to be sound law, we do not find the elements of estoppel, waiver, or laches in the present case. One of the essential elements of estoppel is that the act or acts sought to be invoked as an estoppel must result in some prejudice to the party seeking to invoke it. Hodge Tobacco Co. v. Sexton, 166 Ky. 219, 179 S.W. 36. There is sharp conflict of authority among the various states as to whether the state may be estopped by the acts of its public officials. 74 C.J.S. Quo Warranto § 22, p. 212. Without announcing on which team Kentucky plays in this conflict, it may be said that the courts should be slow to invoke estoppel against the state in its efforts to enforce a statute the purpose of which is to prevent "conflict of interest" situations and to prevent self-interest in the deliberation of public servants.

Neither should the courts be deterred in giving such a statute its full measure of legislative intendment by other public school authorities who may be instrumental in invoking the statute for purely selfish reasons.

We are not inclined to invoke "estoppel or laches" in the present proceeding.

The fact appellant was reelected to a new term after the acts complained of did not "whitewash" him or furnish a defense. Cf. Letcher v. Commonwealth, Ky., 414 S.W.2d 402 (1967).

The facts that the amount of the contract involved was small and trivial and that full value was given by the appellant are immaterial. Commonwealth v. Coatney, Ky., 396 S.W.2d 72 (1965).

Appellant's next and final argument is that he requested and was refused by the trial court the right to introduce further evidence to contradict the minutes of the board and to prove in fact that he did not vote for his wife's employment.

In the first place, appellant testified he refrained from voting for his wife "the last time" (presumably in 1966) but that he "just can't remember whether I have all the times or not." This evidence falls far short of being sufficient to contradict the minutes.

Appellant is faced with greater obstacles when he undertakes to attack and to reform the minutes of the board in a collateral proceeding. He took no steps to have the minutes corrected by the board of education.

Without announcing our adoption of the rule of law announced in 37 Am Jur, Municipal Corporations, § 64, p. 677, it is interesting to note this statement therein: "The only remedy of a person who suffers some private injury by the insufficiency or inaccuracy of the record is by writ of mandamus to compel the record to be amplified or corrected."

 This court has written rules pertaining to the present subject in Lewis v. Board of Education of Johnson County, Ky., 348 S.W.2d 921, 923 (1961), from which we quote:

> "In considering the acts and actions of the Board * * * the rule is that * * * a board of education can speak only through its records * * *. Such records cannot be enlarged or restricted by parol testimony."

In Bates v. City of Jenkins, Ky., 322 S.W.2d 475, 476, this court said:

> "It is the prevailing rule in this jurisdiction that omissions in municipal records may not be supplied by parol evidence under the circumstances shown here."

See also Clark v. Enoch, 8 Ky. Opin. 341; Dunn v. City of Cadiz, 140 Ky. 217, 130 S.W. 1089; Town of Hardinsburg v. Mercer, 172 Ky. 661, 189 S.W. 1117; and City of Campbellsville v. Taylor County Telephone Co., 229 Ky. 843, 18 S.W.2d 305.

Assuming appellant had some other evidence, we conclude that it came too late in this action. He could have taken steps to correct the minutes at the time they were approved or perhaps later by the action of the board itself.

The judgment is affirmed.

All concur.