**COMMONWEALTH of Kentucky ex rel., Robert MATTHEWS, Attorney General of Kentucky, Appellant,**

v.

**William L. FORD, Appellee.**

Court of Appeals of Kentucky.

Sept 19, 1969.

Mark E. Gormley, Versailles, for appellant.

Joseph L. Arnold and Allen, Duncan, Duncan & Arnold, Lexington, for appellee.

CLAY, Commissioner.

This is a quo warranto proceeding to oust appellee as a member of the Woodford County Board of Education. The ground alleged is that he violated KRS 160.180(4) when he voted to employ his sister as manager of the school cafeteria. The trial court submitted the case to an advisory jury, and in conformity with its verdict adjudged that appellee had not violated the above statute.

The minutes of the board meeting involved show that the motion to employ appellee's sister (along with other noninstructional personnel) was "passed unanimously". Appellee was present at this meeting but he denied voting on this motion.

A substantial amount of testimony was introduced regarding the custom of the school board in recording votes on routine matters which tended to prove that the recording of a unanimous vote did not always mean that each member present had voted affirmatively. This parol evidence was incompetent to the extent that it may be construed as impeaching the written minutes of the board. Such a body can speak only through its records, which cannot be enlarged or restricted by parol testimony. Lewis v. Board of Education of Johnson County, Ky., 348 S.W.2d 921. In the absence of an allegation of fraud or mistake, the presumption of the correctness of such a record cannot be overthrown. Creech v. Board of Trustees, 31 Ky.Law Rep. 379, 102 S.W. 804.

There is no ambiguity in the expression "passed unanimously". In Webster's New International Dictionary, Second Edition, a pertinent definition of the term "unanimous" is as follows: "Formed with or indicating unanimity; having the agreement and consent of all; as, a *unanimous* opinion, vote." See also Wolff v. Travelers Ins. Co., Tex.Civ.App., 410 S.W.2d 36, 38. The recitation "passed unanimously" must mean that all members present acquiesced in the passage of the motion, and since passage requires votes, each member's acquiescence constitutes a favorable vote. This is obviously the sensible, practical, intended meaning of such a notation in the board's records.

Appellee cites State v. Stephens, 195 Mo. App. 34, 189 S.W. 630. That opinion observes that the term "unanimous" generally means that no one voted in the negative. But when descriptive of action taken, it must have an affirmative connotation. Otherwise, with respect to the passing of a motion or resolution, how would it be determinable that a sufficient number of members present actually voted favorably?

Stringer v. Commonwealth, Ky., 428 S. W.2d 203, involved an ouster proceeding similar to the one before us. Though it does not appear in the opinion, the record shows that the minutes of one of the meetings at which the school board member had allegedly voted to employ his wife recited that the motion had "unanimously carried". Though the member contended that he had abstained from the voting, we held otherwise.

It may be observed that it is the responsibility of members of public bodies to see to it that their votes are correctly recorded, and if they do not vote on a particular motion, or intend to withhold their consent, the minutes of the meeting should so indicate. In the absence of fraud or mistake they will not be heard to deny what the written record discloses.

The question presented in this proceeding involved the meaning of language used in the minutes of a meeting. The evidence introduced to impeach or contradict those minutes was incompetent and irrelevant. There was really no issue for the advisory jury to resolve. The Chancellor erred in finding that appellee did not vote in violation of KRS 160.180(4).

The judgment is reversed, with directions to enter a judgment consistent with this opinion.

All concur.