Donnie CROSS, Appellant,

v.

COMMONWEALTH of Kentucky, ex rel. Frederic J. COWAN, Attorney General, Appellee.

No. 89–CA–001100–MR.

Court of Appeals of Kentucky.

Sept. 7, 1990.

David M. Cross, Albany, for appellant.

Frederic J. Cowan, Atty. Gen., V. Lynne Schroering, Asst. Atty. Gen., Frankfort, for appellee.

Before HOWERTON, C.J. and LESTER and STUMBO, JJ.

STUMBO, Judge:

Donnie Cross, the appellant herein, was elected to the Clinton County Board of Education in 1984. During a meeting of that board on July 1, 1985, the appellant affirmatively voted to hire twenty-two individuals, one of whom was the appellant's first cousin. The appellant's vote was the deciding vote on that issue. The appellant approved the minutes of the July 1 meeting at the very next board meeting.

A Clinton County resident wrote a letter in August 1987 informing the Attorney General of the appellant's vote at the July 1, 1985 meeting. The Attorney General tendered a request to the appellant for an explanation for his action. Since no such explanation was given, the appellant was asked to resign or face an ouster action. The appellant failed to resign; thereafter, the Attorney General initiated the ouster action in the Clinton Circuit Court.

The circuit court ruled by summary judgment that there was no factual question presented and that this case would be decided as a matter of law. The court specifically found that the appellant had violated KRS 160.180 and thereupon ousted the appellant from his seat on the school board. Appellant argues on appeal that KRS 160.-180 is unconstitutional, that the Commonwealth should have been estopped from bringing the ouster action, and that the Commonwealth's failure to amend its complaint was error. We disagree and affirm the circuit court ruling.

▋ KRS 160.180(4) describes the eligibility requirements of a member of a board of education and states as follows in relevant part:

No member of a board of education shall cast a vote regarding the appointment or employment in any capacity of any person related to him as ... first cousin, except when the majority vote of the remainder of the board is in the affirmative regarding the appointment or employment of such person.

The appellant claims that the statute is unconstitutional because it fails to state the penalty for its violation. The court must look at the statute in its entirety.

This would include the language of the act and title. *Burbank v. Sinclair Prairie Oil Co.*, 304 Ky. 833, 202 S.W.2d 420 (1947). The title specifically tells us this statute lists the "eligibility requirements" necessary to hold that office. Since the appellant cannot meet these requirements due to this violation of KRS 160.180(4), he cannot hold the office of board member.

▋ The courts can also look to the legislative history of a statute, as was done in *Letcher v. Commonwealth of Kentucky*, Ky., 414 S.W.2d 402 (1967). The *Letcher* case was very similar in that the appellant therein had voted for his relative and had claimed this violation did not disqualify him from office. The *Letcher* court, at page 404, rejected the idea as follows:

KRS 160.180, in its entirety, concerns the matters of eligibility and disqualification of school board members.... The division of Section 17 into subsections of KRS 160.180, when the statutes were revised, did not change the legislative intent that its violation should constitute a disqualification of the board member.

As in *Letcher*, the appellant's violation should also constitute his disqualification. Although the statute does not specifically state the penalty to be given, it can be determined when looking at the statute as a whole. Therefore, we do not consider KRS 160.180(4) unconstitutional. Appellant also argues that utilizing a KRS 160.-180(4) violation to create a lifetime ban on holding the office of school board member is an unconstitutional deprivation of appellant's office. This argument was not presented to the trial court and thus, this court will not address it.

▋ The appellant also argues that the Commonwealth is estopped from bringing this action due to the time between the occurrence of the violation and the initiation of this action. This lapse of time was approximately twenty-six months. The doctrine of estoppel may be used against the state under certain circumstances, particularly where there is a "gross inequity." *City of Shelbyville v. Commonwealth*, Ky. App., 706 S.W.2d 426 (1986). Yet, the circuit court, after reviewing the *Shelbyville*

case, properly determined that such circumstances did not exist to allow estoppel to be invoked against the state.

■ The similar case of *Stringer v. Commonwealth*, Ky., 428 S.W.2d 203 (1968), was also cited by the circuit court. The *Stringer* court held that any acts sought to be invoked under the estoppel doctrine must result in some prejudice to the party invoking the doctrine. The prejudicial acts complained of by the appellant include the inability of witnesses to recall exactly what occurred at the July 1, 1985 board meeting, thereby making it more difficult for him to defend. However, the board of education speaks only through its minutes and cannot be changed by parol testimony. *Lewis v. Board of Education of Johnson County*, Ky., 348 S.W.2d 921 (1961). The minutes clearly indicate that appellant voted for his relative and those minutes were later approved by appellant as correctly stating what occurred at the meeting. The only exception to the rule in *Lewis* is when there was an allegation of fraud or mistake. *Commonwealth v. Stephenson*, Ky., App., 574 S.W.2d 328 (1978). The evidence of such by appellant is not convincing.

■ Appellant suggests that this Court set guidelines such as a one-year statute of limitations to be used in conflict of interests situations. This is outside the province of the judiciary and would be more properly accomplished by the state's legislature.

■ Appellant next makes the curious argument that under KRS 160.180(4), appellant was disqualified from voting for his cousin's hiring and, therefore, his vote cannot be counted because he was not entitled to vote at all. Appellant's argument is an interesting exercise of semantics, but fatally flawed in that the vote was three-two. Therefore, appellant's vote was the decisive one. This argument has no merit.

■ The final argument asserted by appellant refers to the Commonwealth's failure to amend its complaint to include appellant's new term in office. The appellant was elected in 1984 and re-elected in 1988. The complaint attempted to oust the appellant for the term for which he was elected in 1984. Yet, this is not really of critical importance. KRS 160.180(3) specifically states, "[a] board member shall be eligible for re-election unless he becomes disqualified." Appellant has been so disqualified, although it occurred after the re-election. Since he was disqualified for his actions that occurred in 1985, he was in effect disqualified from that point forward.

In accordance with the reasoned discussion above, we affirm the decision of the circuit court on all grounds presented to this Court.

All concur.