### Hall v. Putthoff et al.

(Decided Jan. 30, 1934.)

DANIEL W. DAVIES for appellant.

SAMUEL W. ADAMS and RALPH RICH for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Pursuant to written charges of inefficiency and misconduct filed under section 3235dd-35, Kentucky Stat-

utes, Baldwin's 1933 Supplement, Leroy Hall, a member of the police department of the city of Covington, was removed from office by the board of commissioners. On appeal to the common law and equity division of the Kenton circuit court, the court, after hearing the evidence, dismissed the appeal on the ground that Hall was not deprived of any constitutional guarantee, and "there was no abuse of discretion on the part of the members of the board of commissioners in removing him from office." Hall appeals.

The case is not analogous to one where a local board has the power to remove an officer and no right of review is given. On the contrary, not only is the right of appeal expressly conferred, but the statute further provides that "the cause shall be docketed in the circuit court and tried de novo by the judge of said court." Section 3235dd-35. In view of this provision it cannot be doubted that it is the duty of the judge of the circuit court not only to pass on the legal sufficiency of the charges, but to hear and decide the case on its merits and either affirm or reverse the order of removal. On these questions this court is entitled to a ruling by the circuit court, and, in the absence of such ruling, will not undertake to decide the case. It follows that the court erred in dismissing the appeal.

Judgment reversed and cause remanded for proceedings not inconsistent with this opinion.