# Race v. Humphrey et al.

Nov. 20, 1945.

L. C. Lawrence for appellant.

Montgomery & Montgomery and Pittman & Moore for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Reversing.

Since appellees have failed to file a brief in this Court, we will assume appellant's statement of the facts to be true. Rule V, Sec. 2, of Rules of Court of Appeals; Skaggs v. Ohio Valley Rock Asphalt Co. et al., 292 Ky. 758, 166 S. W. 2d 1005.

Appellant was employed by the Liberty City School Board to teach in the High School for the school year commencing in the Fall of 1943 and ending in the Spring

of 1944. She obtained permission of the Superintendent of Schools to be relieved of her duties for the week preceding the Christmas holidays of 1943, in order that she might assist her husband in the operation of a retail store in the City of Liberty. A controversy arose between her and the Superintendent as to the amount to be deducted from her salary for this time. She was tendered, and refused to accept, a check in an amount less than she conceived she was entitled to; the difference being the amount in dispute for her absence Christmas week. On the fourth day of January, 1944, she addressed the following letter to the Superintendent of Schools:

"Tuesday

"January 4/44

"Mr. W. G. Kirtley,

"My dear Mr. Kirtley,

"With regret, I deem it necessary to stand up for my rights as you apparently seem to think that I am not deserving of the same honest and courteous treatment that has been given to other faculty members whose business has taken them away. I am surprised and hurt, to say the least.

"I do not pretend to know what kind of a stunt you are trying to pull, but regardless of your motive I am neither green nor in need of a guardian.

"Weeks in advance you were notified of my pending absence and you agreed that I could have a substitute. I believe too, you set the price at three dollars per day.

"Granting that it was necessary to pay a substitute to sit through a Christmas Program—I believe the rest of you had the afternoon and Friday off, four days is the most I can count which totals a maximum of twelve dollars to be deducted from my salary.

"Since my check is very belated, I shall expect it corrected and given to me by the end of the week, or I will not be on duty Monday. In my philisophy of life there is such a thing as the Golden Rule.

"I am sorry to bother you, sorry that you are ill and wish for you a speedy recovery.

"Sincerely yours,

"Goldie E. Race."

The School Board treated this letter as a resignation, and on January 20, 1944, entered an order accepting the alleged resignation, although appellant continuously taught school until the day the order was entered. Immediately after she was discharged, or, as appellees contend, her resignation was accepted, appellant attempted to obtain a similar position with school boards in three adjoining counties. Failing in this, she instituted this action to recover the salary for the remainder of the school term. On the trial, the Court peremptorily instructed the jury to find for appellant in the amount of salary she was entitled to receive for the period of time she actually taught, subject to the deduction for time off as computed by the Superintendent. He further instructed the jury to award appellant an amount equal to her regular salary for the remainder of the term, unless the jury should believe from the evidence "* * * the plaintiff failed to seek other employment of a similar nature or failed to use diligence to obtain other employment of a similar nature and could have by ordinary diligence obtained such employment and negligently failed to do so * * *." The jury found for appellant in the amount the Court peremptorily directed, and an additional amount of one cent (1c) under the second instruction. The judgment was rendered against the members of the School Board individually. Appellant appeals from the judgment which denied her the sum claimed for the remaining portion of the term of her contract.

As held in Amburgey et al. v. Draughn, 288 Ky. 128, 155 S. W. 2d 740, and cases therein cited, the individual members of a school board are liable in damages for breaching a contract with a teacher employed by them. KRS 161.790 provides:

"(1) The contract of a teacher shall remain in force during good behavior and efficient and competent service by the teacher and shall not be terminated except for any of the following causes:

. "(a) Insubordination, immoral character or conduct unbecoming a teacher;

"(b) Inefficiency, incompetency, physical or mental disability or neglect of duty. Marriage of a teacher shall not be cause for termination of the contract.

"(2) No contract shall be terminated except upon

recommendation of the superintendent and unless the teacher is furnished with a written statement, specifying in detail the charge or charges against said teacher, signed by the proper officer of the board of education and naming a date and place at which the teacher may appear before the board of education and answer said charge or charges.''

The section then prescribes the manner of conducting the hearing on the charges preferred, but which we deem unnecessary to copy at length in this opinion. No charges were preferred against appellant pursuant to the provisions of KRS 161.790, supra, or pursuant to any other section of the Statutes.

It is obvious appellant is entitled to collect for the entire term for which she was employed, unless, as appellees contended in the Court below, (1) the letter she wrote to the Superintendent is a resignation; or (2) she failed to attempt to minimize the damages by obtaining, or making a reasonable endeavor to obtain, like or similar employment. Cottongim et al. v. Stewart et al., 283 Ky. 615, 142 S. W. 2d 171; Amburgey et al. v. Draughn, supra. The letter itself is the only evidence in respect to the resignation. That being true, there was no issue of fact for a jury to try, and the purport of the letter becomes a question of law. It was so treated by the lower Court and held not to be a resignation, with which construction we agree. There was a controversy as to the amount of money owing appellant at the time she wrote the letter, and the letter merely informed the Superintendent that she would not report for duty on the following Monday unless she was paid the amount she conceived herself to be entitled to. There was nothing to indicate that she intended to terminate her employment, or to be absent more than the one day (Monday) specified in the letter. She reported for duty on Tuesday, and continued to teach until she was discharged by the order of the Board. It is true that she did not report for duty on Monday, but there is no contradiction of her evidence that she was too ill to perform her duties on that day. We therefore hold, as a matter of law, that appellant's letter to the Superintendent was not a resignation.

We think appellees' second contention equally is without merit. Appellant attempted to procure employ-

ment from three school boards nearest her home. We believe this to have been a reasonable endeavor on her part to minimize the damages caused by the wrongful action of the members of the Board in breaching her contract. It is true, she performed duties as clerk in her husband's store on Saturday of each week following her discharge; but the uncontradicted evidence shows that she was not paid for such services, and had she been, appellees would not be entitled to credit for such earnings, because the evidence shows that she performed such work on Saturdays during the period of time she taught in the school. Under the circumstances, since there was no issue of fact to be submitted to a jury, the Court should have sustained appellant's motion to direct the jury to find for her, and assess the damages at an amount equal to the salary she would have received, had she been permitted to teach the remainder of the term covered by her contract.

The judgment is reversed, for proceedings consistent with this opinion.