## Hapner v. Carlisle County Board Of Education et al.

June 13, 1947.

Rehearing denied November 21, 1947.

Elvis J. Stahr, Judge.

OPINION OF THE COURT BY CLAY, COMMISSIONER— Affirming.

Appellant, Mrs. Hapner, was a school teacher in Carlisle County, and had taught there for two years. After a hearing before the Carlisle County Board of Education, as provided in Section 161.790, Kentucky Revised Statutes, her contract for the year 1946-1947 was terminated. She appealed to the Carlisle Circuit Court, which affirmed the action of the Board. She appeals here, insisting that her removal as a school teacher was arbitrary and the result of community prejudice.

On July 4, 1946, appellant was given notice by the Board that because of many complaints about her inefficiency and the failure of her methods of teaching a hearing would be held on August 5, 1946. Such hearing was duly called at the time prescribed, and both sides introduced a number of witnesses. Eighteen persons appeared and testified in substance that appellant was too old to teach (she being sixty-four years of age); that her methods of teaching were different from those which were used by other teachers and were not as satisfactory; that her manner of grading pupils resulted in the discouragement of said pupils; that a number of pupils had left the first school which she taught in this county because they could not get along well with her; that her pupils did not learn very much; and that on the whole she was inefficient and unsatisfactory as a teacher. To rebut this testimony, appellant made a lengthy statement to the Board, and called on her behalf several witnesses whose testimony, in a number of ways, conflicted with that of those who were attempting to oust her.

There was no expert testimony, and it is admitted that appellant held a teaching certificate and was generally qualified to teach in so far as her education was concerned. The Board decided unanimously to terminate appellant's contract. Upon appeal the Circuit Court adjudged: (1) the Board of Education was justified in entering the order discharging appellant, (2)

said order be ratified and confirmed, and (3) contractual relations between appellant and the Board be severed as of August 5, 1946.

Section 161.790, Kentucky Revised Statutes, authorizing the termination of a teaching contract for certain specified causes, was enacted in 1942. This statute prescribes a number of grounds, among which are "inefficiency" and "incompetency." It provides for an appeal to the Circuit Court as an "original action," which appeal may be taken as to both law and fact. The Circuit Court shall examine the record made at the hearings before the Board of Education, and is authorized to hold such additional hearings as may be deemed advisable, at which hearings other evidence may be introduced. An appeal to this Court is provided, but the scope of review is not set out.

The statute does not state what weight shall be given the finding of the Board on review. However, we believe the decision of the lower Court in the "original proceeding" must be accorded the same consideration as in other cases where the Court acts in place of a jury as the trier of the facts. The findings of the Court should be given the same weight as those of a properly instructed jury, and unless the decision is flagrantly or palpably against the evidence, we are not authorized to set it aside. Rybolt et al. v. Futrell et al., 296 Ky. 158, 161, 176 S. W. 2d 269. We cannot say, from the record before us, that the Court did not have ample evidence upon which to base its judgment upholding the action of the Board.

Appellant makes the point that her case had been prejudged by the Board before the hearing, but we are not convinced from the record that such a situation existed. While the testimony presented for both sides was not the very finest type of proof, we believe that appellant had a fair hearing by the Board, and that the Court, on the basis of the evidence heard, was justified in sustaining its order.

The judgment is affirmed.