Cora GUTHRIE, Appellant,

v.

BOARD OF EDUCATION OF JEFFER-
SON COUNTY, Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 8, 1957.

Erwin A. Sherman, Louisville, for appellant.

Lucian L. Johnson, Louisville, for appellee.

STEWART, Judge.

This is an appeal from a circuit court judgment which sustained an order of the Jefferson County Board of Education dismissing appellant, Cora Guthrie, as a teacher. On March 16, 1956, Miss Guthrie received a letter from Richard Van Hoose, county superintendent of schools, informing her the board was going to hold a hearing for the purpose of determining whether it would be justified in discharging her for reasons of "incompetency and inefficiency." A hearing on such grounds is provided for by KRS 161.790(1), (b). In accordance with another subsection of this statute, 161.790(2), the letter advised Miss Guthrie of the charges preferred against her.

At the hearing those who testified against her were Richard Van Hoose, the above superintendent, T. T. Knight, the principal of Southern High School, where Miss Guthrie taught from 1951 until 1955, John B. Lowe, principal of Waggener Junior High School, where Miss Guthrie last taught, and John L. Ramsey and James Farmer, assistant county superintendents of schools. A summary of the evidence is that Miss Guthrie, during much of her teaching career, was a poor disciplinarian. Not only was she unable to preserve proper order in the classrooms over which she presided, but she was deficient in controlling

pupils placed under her care on the playground. Her pupils were unhappy and ill at ease, her classroom was full of tension and confusion, with the result that group work and individual incentive were lacking. She was transferred from school to school, five in all, in an effort to adjust her to a general atmosphere in which she could instruct effectively, but such transfers failed to bring about any beneficial results. Wherever she taught, demands by telephone and by letter were made by parents that she be transferred out of that school, or their children be moved to another teacher.

The evidence for Miss Guthrie consisted chiefly of letters from the parents of some of her pupils who stated that their children had regarded her as a good teacher. However, even this testimony contained statements indicating that some of her pupils were "quite rough", "nasty" and "spoke terribly" to her in class, and that there was virtually organized disorder on other occasions. Miss Guthrie's own testimony indicated that she felt that most of her discipline problems were caused by the lack of support she had from the school authorities, that in her opinion she was not to blame for most of her difficulties in controlling pupils since those involved were chronic troublemakers, and that she felt she was doing a good job as a teacher.

A week after the hearing, a vote was taken on whether Miss Guthrie should be dismissed. The vote was unanimous for dismissal, four to none, one member not voting. Pursuant to KRS 161.790(5), Miss Guthrie appealed this ruling to the circuit court. The case by agreement was referred to a commissioner who upheld the board. The circuit judge likewise sustained the board. It is the latter's adjudication which we are now called upon to review.

The only error alleged by appellant is that the judgment is contrary to the weight of the evidence. A complete solution to this problem will require a discussion of not only our scope of review of the lower

court's decision but also the scope of review that the lower court exercises over a board of education in a case such as this.

The teacher's right to appeal from the decision of the board of education is granted by KRS 161.790(5) which in part states: "The teacher shall have a right to make an appeal both as to law and as to fact to the circuit court. * * * Such appeal shall be an original action in said court * * *. The court shall examine the transcript and record of the hearing before the board of education and shall hold such additional hearings as it may deem advisable, at which it may consider other evidence in addition to such transcript and record. Upon final hearing, the court shall grant or deny the relief prayed for in the petition as may be proper * * * in accordance with the evidence adduced at the hearing."

█ █ The trial judge is not required to give the decision of the board of education the great weight to which administrative decisions are ordinarily entitled. Nor is the judge required to rehear all the witnesses who appeared before the board. The court is authorized to make its decision on the basis of the record alone, if it is sufficiently convinced by it. Thus it seems that the proceedings are what we may call "quasi de novo". If the judge does not rule for himself on the questions of fact involved but instead contents himself with determining that there was "substantial evidence" to sustain the board's finding or that the board did not "abuse its discretion", he has not performed his statutory duty and his judgment must be set aside. *Hall v. Putthoff*, 252 Ky. 570, 67 S.W.2d 948. To state the proposition otherwise, the court must do more than merely ratify the board's action. On the other hand, it would be unwise to deny to the court the right to consider the basis for the board's decision. The board has been chosen by the people of the community to run the schools, and its intimate knowledge of every phase of school affairs gives

its decisions a weight that should not be disregarded, and the court should certainly examine the facts that prompted the board's finding on a school question. See Harrell v. City of Middlesboro, Ky., 287 S.W.2d 614, a case involving the policeman's tenure statute.

With these principles in mind, let us consider the decree of the trial court and determine if it was proper. It is our conclusion that it was. The excellent memorandum opinion delivered by the trial judge clearly reveals the basis of his decision. The court stated:

"Since I am required by the statute to consider the facts as well as the law, since it is an original action, and since I would have had the right to have heard additional testimony had it been presented, I conclude that I am not limited to an inquiry solely into whether the board abused its discretion. * * * On the other hand, I think I am compelled to give considerable weight to the finding of fact on the part of the board of education * * *." Citing Harrell v. City of Middlesboro, supra.

To our minds, this language clearly indicates that the trial judge acted in accordance with the general principles set out above.

 Our scope of review in this type of case is no different from that used in any case when the trial court has made a finding of fact. Unless the finding is "clearly erroneous", the judgment of the trial judge should be allowed to stand. See CR 52.01. We cannot say that the trial judge's decision is clearly erroneous in the case at bar. We, like the trial court, are impressed by the fact that five professional school men, all highly trained in the field of education, testified against Miss Guthrie. No person with an educational background, with the possible exception of Miss Guthrie herself, testified on her behalf. This alone would be a sufficient basis for the trial court's holding.

The case at bar bears a striking similarity to the case of Hapner v. Carlisle County Board of Education, 305 Ky. 858, 205 S.W.2d 325, which was decided under the present statute. In that case the action of the board in discharging a certain Mrs. Hapner was upheld. Many of the same complaints that were preferred against Miss Guthrie were made in the Hapner case. In addition, Miss Guthrie was charged with being unable to maintain order in her classes. Furthermore, there was no expert testimony in the Hapner case about the failure of the teacher to measure up to professional standards as was present here. It is obvious that this case is far stronger than the Hapner case. Then, too, the opinion of the trial court in the present case shows almost conclusively that the proper scope of review was employed. We conclude the judgment of the trial court must stand.

Wherefore, the judgment is affirmed.