A. I. LEWIS, Appellant,

v.

BOARD OF EDUCATION OF JOHNSON COUNTY, Kentucky, et al., Appellees.

Court of Appeals of Kentucky.

June 23, 1961.

Rehearing Denied Sept. 29, 1961.

Jack L. Lewis, Paintsville, Nelson Hoskins, Lexington, for appellant.

J. K. Wells, M. O. Wheeler, G. C. Perry, III, Paintsville, for appellees.

MONTGOMERY, Judge.

A. I. Lewis sued the Johnson County Board of Education to obtain a declaration of his rights under the Teachers' Tenure Act. KRS 161.720 et seq. He also sought to recover $4,950 as salary for the period of time in controversy plus $500 expended by him in seeking a job. The trial judge, without a jury, found as a fact that Lewis was offered suitable employment and that he refused it. On these findings, it was adjudged that Lewis was not entitled to recover.

On this appeal, it is contended for the appellant that he was entitled to a "continuing service contract" (KRS 161.720(4)) and that the action of appellees violated such status. Upon examination of this record, the competent evidence is not found to sustain the criticized findings on which the judgment is based.

Lewis was employed by the Board as a teacher from 1940 to June 30, 1953. From 1944 until June 30, 1953, he served as principal of the Meade Memorial High School in Johnson County. Minute 678 of the record of the March 6, 1953 meeting of the Board is as follows:

> "Motion made by Mr. Blair and seconded by Mr. Blanton that the principalship of each of the high schools, Meade Memorial, Flat Gap, and Oil Springs, be changed for the school year 1953–1954. The change to be effective June 30, 1953. The vote being as follows:

| Aye | No | Not Voting |
| --- | --- | --- |
| 4 votes | None | Mr. Preston |

> With the majority being in favor of making the change, it was so ordered, and the said principals notified of the change."

By a letter dated March 25, 1953, Lewis was notified by the Board that he would not be re-employed as principal after the end of the current school year. Lewis worked dur-

ing the latter part of the 1953–54 school year as a high school substitute teacher. He later obtained employment as principal of an elementary school in Indiana.

Much of the testimony considered by the trial judge concerns the conversations and dealings between the superintendent of the Johnson County Board of Education and various intermediaries and Lewis in an effort to get him to agree to accept a job denominated as Director of Transportation. Lewis refused because apparently he considered that he should have been offered employment compatible with his training and previous experience as a principal and teacher. It is the position of the Board that such refusal constituted an abandonment and a valid termination of Lewis' employment status, whatever it may have been. Other than the quoted Minute 678, the record is silent as to what the Board's records show, if anything, concerning Lewis' status or its termination.

The only pertinent record of the Board's action in the record before us is Minute 678 of the March 6, 1953 meeting which ordered only a "change" in the principalships of three high schools without saying what the change was to be. The meaning of the record is ambiguous.

■ In considering the acts and actions of the Board with reference to the employment of Lewis, the rule is that the governing body of a municipal corporation such as a board of education can speak only through its records and can confer authority to make or terminate contracts only by proper proceedings at a meeting regularly called and held when its acts are duly recorded and authenticated. County Board of Education of Warren County v. Durham, 198 Ky. 733, 249 S.W. 1028. A member cannot act separately or individually to bind the municipality. District of Highlands v. Michie, 107 S.W. 216, 32 Ky.Law Rep. 761; Lone Jack Graded School District v. Hendrickson, 304 Ky. 317, 200 S.W. 2d 736; 10 McQuillin, Municipal Corpora-

tions, Section 29.15, pages 213–222; 47 Am. Jur., Schools, Section 38, page 321; 63 C.J.S. Municipal Corporations § 981b, page 542. This rule applies to the governing bodies of cities and counties. Todd County Fiscal Court v. Frey, Ky., 285 S.W.2d 499; City of Pikeville v. Lee, Ky., 329 S.W.2d 580, and authorities collected therein. Such records cannot be enlarged or restricted by parol testimony. Spalding v. City of Lebanon, 156 Ky. 37, 160 S.W. 751, 49 L.R.A., N.S., 387. The formal records of such municipal corporations constitute the only legal evidence of all that was done by any such corporation and that nothing more was done. Louisville & Jefferson County Metropolitan Sewer District v. General Distillers Corporation of Kentucky, Ky., 257 S.W.2d 543.

■ The trial court's judgment was not based on the records of the Board's action; hence, it was erroneous. The only record of the Board's action here, Minute 678, has not been construed by the trial court. It may be difficult or impossible to determine Lewis' employment status from this record alone. There may be other Board records which would prove enlightening. This status should be determined by the trial court from all pertinent and competent records. The recent decision in Moore v. Babb, Ky., 343 S.W.2d 373, may be of interest and assistance.

■ The record in this case suggests that Lewis may have become less efficient in the performance of his duties than desired by the Board; hence, the effort to assign him other duties. The means by which a tenure contract may be terminated are set forth by statute. KRS 161.720(4), 161.790, and 161.-800. Guthrie v. Board of Education of Jefferson County, Ky., 298 S.W.2d 691. The statutory method should be used rather than the indirect means of unworthy or undesirable reassignment.

Judgment reversed for proceedings consistent herewith.