Crusoe HUFF, Appellant,

v.

**HARLAN COUNTY BOARD OF EDUCA-
TION et al., Appellees.**

Court of Appeals of Kentucky.

July 1, 1966.

Rehearing Denied Dec. 16, 1966.

Joe Nagle, Denham, Ralston & Nagle, Middlesboro, for appellant.

Garrett M. Castle, Ray O. Shehan, Harlan, for appellees.

MONTGOMERY, Judge.

Crusoe Huff appeals from a judgment denying him recovery of $5,966.71 claimed due under a continuing service contract. KRS 161.720 et seq. The Harlan County Board of Education claims that Huff's failure to accept a similar position with the same salary justifies its placing him at another position with a reduction in salary.

Appellant had been employed in the Harlan County School system for over twenty-nine years. In 1933 he received a "Standard Certificate" which was subsequently extended for life. On July 8, 1957, he entered into a continuing service contract as defined in KRS 161.720(4) with the Harlan County Board of Education. It is recited in the contract that it is in the form "prepared by the Superintendent of Public Instruction and approved and adopted by the State Board of Education."

Under the contract appellant continued to perform the required services. For the school year 1960–61 he was employed as an elementary school principal. By letter dated April 26, 1961, he was notified by the Superintendent of the Harlan County Board of Education that he had been re-employed under his continuing service contract. Appellees concede that this letter of notification was not required for re-employment.

Subsequently appellees decided to abolish the position which appellant had occupied in the school year 1960–61. On June 12, 1961, by order of the Board, appellant was transferred from his old position to one as principal of the Black Star High School, with no reduction in salary. Appellant objected to this transfer on the ground that he was not qualified to be a high school principal. It is admitted that he later learned that he was so qualified. It is admitted in appellees' pleadings that a relative of the Superintendent's returned to Harlan County and was employed for that year as an additional elementary school principal, which position was not offered to appellant. On July 10, 1961, the Board, by its order reciting that appellant had refused to accept the Black Star position, offered appellant a teaching position in the Black Mountain School. Appellant subsequently taught there at a reduction in salary of $2,002.23 for the school year 1961–62 because, he said, it was too late to get another position. He sued in 1962. He continued to perform services under his contract until the amount in controversy at the time the appeal was filed was $5,966.71.

The question is whether appellees could reduce appellant's salary because of his refusal to accept the Black Star position. The rule concerning employment under a continuing service contract is that such contract does not prevent the Board of Education from transferring the employee from one school to another or from one class of teaching position to another unless the contract specifies the school or class of position in which the teacher is to be employed. Neither was specified here. Marshall v. Conley, Ky., 258 S.W.2d 911, and cases cited therein; Marshall v. Walters, Ky., 265 S.W.2d 787. In such cases the salary of the transferred employee cannot be reduced unless the reduction is a part of a uniform plan affecting the entire district. KRS 161.760. Board of Education of Nelson County v. Lawrence, Ky., 375 S.W.2d 830, and cases cited therein. There was no such uniform plan of salary reduction in Harlan County.

The trial court sought to distinguish the Nelson County case on the ground that the Board acted arbitrarily. In view of the statutory provisions embodied in the teacher tenure contract the distinction is not valid.

It is expressly provided in the contract between the parties that the contract "shall be continued from year to year" and "shall remain in full force and effect, * * * except as modified by mutual consent, in writing, of the Board and the Teacher, unless and until terminated with written notice, stating cause or causes, to the Teacher, * * *." The means by which a tenure contract might be terminated were set forth by statute. KRS 161.720(4) provided that the contract "shall remain in full force and effect until the teacher resigns or retires or until it is terminated or suspended as provided in KRS 161.790 and 161.800." Guthrie v. Board of Education of Jefferson County, Ky., 298 S.W.2d 691; Lewis v. Board of Education of Johnson County, Ky., 348 S.W.2d 921.

It is therefore concluded that appellees could transfer appellant but could not reduce his salary unless the contract had been modified by mutual consent in writing. It was not. Under the terms of the contract and pursuant to KRS 161.-760, appellees were obligated to pay appellant a salary not less than the salary paid him the previous year. The reduction in salary was in violation of the contract and KRS 161.760. No question is raised concerning the personal liability of the Board members. Race v. Humphrey, 301 Ky. 10, 190 S.W.2d 686; Babb v. Moore, Ky., 374 S.W.2d 516. It is unnecessary to determine whether appellant's conduct in refusing the Black Star position merited disciplinary action, but if any were taken it would have had to be taken in accord with the contract and pertinent statutes.

Judgment reversed.

HILL, Judge (dissenting).

I respectfully dissent from the majority opinion in this case for the reason that it sets a dangerous precedent for the school systems of the Commonwealth.

Appellant was offered a position in another school at the same salary he had been theretofore receiving. He was qualified for the position to which the superintendent of schools decided to transfer him. He says he declined to accept the transfer (to Black Mountain School) because he did not think he was qualified for the position from the standpoints of education and experience. But, it is not law in this Commonwealth that a teacher may determine his educational qualification or his qualification from experience. It is provided in KRS 160.380 that, " * * * all appointments, promotions and transfers of principals, supervisors, teachers and other public school employes shall be made only upon the recommendation of the superintendent of schools, subject to the approval of the board."

Under the provisions of KRS 160.370, the superintendent "shall be the executive agent of the board," and it is his further duty to "prepare under the direction of the board, all rules, regulations, bylaws and statements of policy for approval and adoption by the board. He shall have general supervision, subject to the control of the board of education, of the general conduct of the schools, the course of instruction, the management of teachers, the discipline of pupils, and the management of business affairs * * *."

It is necessary for a teacher applying for a position to file with the superintendent evidence of his educational qualifications as well as a statement showing experience. From this information, the superintendent has the duty of recommending to the board the employment of a teacher to the school for which he is best equipped. It is not for the teacher to pass upon the highly important question of his own qualification.

It is my opinion that when appellant refused to accept a position in the Black Mountain School at the salary provided in his continuing service contract, he had no right to protest assignment to a position paying less than his contract provided.

I would affirm the judgment.