Sherman Clyde COOPER, Appellant,

v.

BOARD OF EDUCATION OF SOMER-SET INDEPENDENT SCHOOL DIS-TRICT, Somerset, Kentucky, and Charles E. Harris, Individually and as Superintendent of Somerset Schools, Hobert Withers, Jr., William T. Cain, J. Glenn Combs, DMD, Robert Neikirk and James Richard Jones, Individually and as members of the Board of Education of the Somerset Independent School District of Somerset, Kentucky, Appel-lees.

Court of Appeals of Kentucky.

Sept. 21, 1979.

Arthur L. Brooks, Lexington, for appel-lant.

John G. Prather, Jr., Somerset, for appel-lees.

Before HOGGE, LESTER and VANCE, JJ.

VANCE, Judge.

The question is whether the transfer of an assistant school principal to the position of guidance counselor, which will result in loss of incremental pay for supervising teachers and which will result in his being paid on a 10¼ month rather than a 12 month basis, constitutes a "demotion" of an administrator pursuant to K.R.S. 161.765 or a reduction in pay requiring only the procedures outlined in K.R.S. 161.760. The trial court held there was no demotion.

It is undisputed that appellant had tenure as an administrator. Both assistant principals and guidance counselors are designated in the statute as administrative positions. The transfer of appellant was a transfer from one administrative position to another.

Prior to the school year 1973–74 appellant was employed as a guidance counselor. He worked and was paid on a 12 month basis. During the 1973–74 school year the principal of the Hopkins school suffered a disabling illness, and the position of assistant principal was created. Appellant was appointed as assistant principal. He was paid on a 12 month basis and, in addition, received an increment of $50.00 for each teacher supervised by him.

The principal retired before the beginning of the 1975–76 school year, and a new principal was hired. With an able bodied principal on hand there ceased to be a need for an assistant principal, and that position was abolished. Appellant was transferred back to the position of guidance counselor. During the time appellant served as assistant principal, the summer program of guidance counseling was discontinued. Upon his return to that position he worked only 10¼ months rather than 12, and he no longer supervised teachers. His salary continued undiminished until April 1977, when he was notified that beginning in 1978 his pay would be reduced from 12 to 10¼ months because he was no longer working the full 12 months, and that his increment for supervising teachers would be terminated because he no longer supervised any teachers. None of the statutory requirements for demoting an administrator contained in K.R.S. 161.765 were complied with.

K.R.S. 161.765, enacted in 1974, has opened a fertile new area of controversy in the teacher-tenure law, a law so ingeniously drawn that it has already become a major source of litigation in our courts.

The language of K.R.S. 161.765 would seem to indicate that it was intended to apply to disciplinary actions against tenured school administrators for it refers to giving complete and specific grounds upon which the proposed demotion is based including dates, names, places and circumstances; provides for a hearing of the grounds which may be in private at the request of the administrator; and provides that the board, upon hearing the evidence and argument of counsel, shall decide the issue. An appeal is provided in the same manner as in case of a termination of a teacher's contract for cause. In K.R.S. 161.720(9) the General Assembly has specifically defined "demotion" as follows:

The terms "demote" or "demotion" for the purpose of KRS 161.765 shall mean a reduction in rank from one position on the school district salary schedule to a different position on that schedule for which a lower salary is paid. The terms shall not include lateral transfers to positions of similar rank and pay or minor alterations in pay increments required by the salary schedule.

Under this definition it is obviously a demotion when an administrator is moved from one position on the district salary schedule to a different position for which a lower salary is paid. A difficulty arises because in practice, at least in the school district under consideration, most administrators are not paid on the basis that one position outranks the other, but upon the basis of the number of years of teaching experience and the number of credit hours of advanced education. Thus a guidance counselor and an assistant principal with the same years of experience and educational qualifications would be paid the same basic salary. Whatever differences in earnings that do exist are brought about by increments which are paid for extra work

and by differences in the total number of months worked.

The statute expressly provides that a lateral transfer to a position of similar rank and pay or minor alterations in pay increments required by the salary schedule shall not constitute a "demotion". Conversely, it appears that *major* alterations in pay increments resulting from such a transfer would constitute a demotion.

Here the reduction in appellant's earnings as a result of the transfer will be $4,571.00, approximately 25%, and we have no hesitation in classifying this a major, as opposed to a minor, reduction in earnings.

Under K.R.S. 161.760 the salaries of teachers may be reduced when there has been a correspondent reduction in responsibilities and when proper notice has been given. The school board took the position that appellant was not demoted but that his salary was simply reduced because his duties had been reduced. We attach no significance to the fact that appellant was transferred from one position to another in 1975 and the reduction in pay was not ordered until 1977. K.R.S. 161.765, if it is applicable, cannot be evaded by the expedient of a lateral transfer to a position of less responsibility in one year followed by a reduction in pay in a succeeding year when the duties of the new position at the time of the transfer were so significantly less as to have justified a major reduction in pay at the time of transfer.

We point out that appellant's duties were reduced by the transfer to the new position, not thereafter. He was simply transferred to a position of less responsibility, which would command substantially less pay, and even though the transfer was not accompanied by an immediate major reduction in pay (and thus was not a demotion as defined), it nevertheless became a demotion when the pay was reduced in a subsequent year.

It does not follow, however, that every reduction in pay constitutes a demotion. If appellant had remained assistant principal, but because of decreasing enrollment fewer teachers were required at his school, the board under K.R.S. 161.760 could reduce his earnings because of the lessened responsibility and this would not constitute a demotion. Likewise there would not necessarily be a demotion if, after his transfer to the position of guidance counselor, conditions arose which mandated the elimination of the summer program and his salary was reduced because he didn't work as long as before.

However, when the transfer, as here, is to a position which carries less responsibility at the time and results in substantially less pay, it is a demotion, and the procedures set forth in K.R.S. 161.765 are required.

We are not unsympathetic with the contention of appellees that appellant should not be paid for months he does not work, nor should he be paid for supervising teachers he does not supervise. Nevertheless, the procedures required are creatures of the legislature, and if change is desirable it should come from the legislature, not as the result of judicial fiat.

The judgment is reversed for entry of a new judgment in conformity with this opinion.

All concur.