Charles CRAWLEY, Plaintiff-Appellant,

v.

**BOARD OF EDUCATION OF MARION COUNTY, KENTUCKY, et al.,**
Defendants-Appellees.

No. 79-3745.

United States Court of Appeals,
Sixth Circuit.

Argued April 13, 1981.

Decided Sept. 2, 1981.

---

6. See note 5, *supra*.

Arthur L. Brooks, Lexington, Ky., Jerry D. Anker, Susan J. Kassell, Wald, Harkrader & Ross, Michael D. Simpson, Washington, D. C., for plaintiff-appellant.

William H. Fulton, Woodward, Hobson & Fulton, John A. Fulton, Louisville, Ky., for defendants-appellees.

Before EDWARDS, Chief Circuit Judge, BOYCE F. MARTIN, Jr., Circuit Judge, and ENSLEN,* District Judge.

GEORGE CLIFTON EDWARDS, Jr., Chief Judge.

The sole issue in this case is whether, under Kentucky law, a high school principal is entitled to a hearing before being transferred (at the same pay) to the newly created post of Supervisor of Transportation for the same school system. Before turning to the answer to that question (not a wholly easy one, as Judge Martin's dissent helps us make clear), we need to explain why a pure question of Kentucky law is being considered at all in a federal court.

Plaintiff Charles Crawley sought relief primarily under 42 U.S.C. § 1983, claiming that his transfer without a hearing from his position as principal of the Marion County High School had violated his rights to free speech and due process under the First and Fourteenth Amendments to the United States Constitution. Crawley also, however, claimed a right to a pre-transfer hearing under the Kentucky Teachers' Tenure Act, Ky.Rev.Stat. §§ 161.720–161–810.

The District Judge who heard this case below found that "the action taken by the Board in transferring plaintiff was not in retaliation for his exercise of his First Amendment rights and, accordingly, the Court finds that plaintiff is not entitled to relief under Section 1983." The District Judge continued, however, "The Court believes that judicial economy dictates that the Court exercise its pendent jurisdiction to determine the questions raised under state law."

We agree with the District Judge that the federal doctrine of pendent jurisdiction announced in *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), and further explicated in *Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974), warrants his decision to enter judgment on the state law aspect of this case. Plaintiff has, as the District Judge obviously thought, stated a Section 1983 claim which is not "so attenuated and unsubstantial as to be absolutely devoid of merit." *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579, 24 S.Ct. 553, 557, 48 L.Ed. 795 (1904), *quoted in Hagans v. Lavine, supra*, at 536–37, 94 S.Ct. at 1378–79. Further, we follow the *Hagans* suggestion that "the state issue should be decided first," because if these claims are dispositive, federal questions need not be reached. *See Hagans v. Lavine, supra*, at 545–47, 94 S.Ct. at 1383–84.

Turning, therefore, to plaintiff Crawley's state law claim, we observe that the extensive hearing provisions of Ky.Rev. Stat. § 161.790 (set forth in the Appendix to this opinion) are invoked whenever a local school board seeks to "terminate" the "continuing service contract" of a "teacher." *See* Ky.Rev.Stat. § 161.720(4). The term "teacher" is defined in Ky.Rev.Stat. § 161.-720(1) as "any person for whom certification is required as a basis of employment in the public schools of the state . . . ."

After serving six years as a certified classroom teacher in the Kentucky schools and attaining continuing contract status, Crawley was promoted to principal of the Marion County High School, in which position he served for four years. Because the Kentucky State Board of Education required "certification . . . as a basis of employment" as a high school principal, plaintiff retained his "teacher" status in this new position. Plaintiff was "transferred" to the newly created Supervisor of Transportation position shortly after a new Mari-

* Honorable Richard A. Enslen, United States District Judge for the Western District of Michigan, sitting by designation.

on County school board came into office. The record establishes that, although the Marion County Board of Education required certification as part of the new post's job description, the State Board does not require certification as a prerequisite to employment as a county transportation supervisor.[1] Thus, the narrow point of law in this case is whether the Kentucky statutes cited and quoted above require a hearing where a teacher who has served as a school principal (a State Board-certified position) is transferred to a non-certified administrative position.

Under the literal language of Ky.Rev. Stat. §§ 161.720(1) and (4), plaintiff's claim that the transfer to a noncertified position amounted to "termination" as a "teacher" does appear to be accurate. We adopt this interpretation of the pertinent Kentucky statutes substantially in reliance upon the decision of the Court of Appeals of Kentucky (then Kentucky's highest court) in *Lewis v. Board of Education of Johnson County*, 348 S.W.2d 921 (Ky.1961).

In *Lewis,* a county school board determined that plaintiff-appellant Lewis, who had served nine years as a high school principal, would not be retained as principal for the following school year. After securing new employment as an elementary school principal in Indiana, Lewis sued the board under the Teachers' Tenure Act, seeking recovery for lost salary and expenses incurred in attaining his new job. The trial court denied relief, finding as fact that Lewis had refused the board's offer of "suitable employment." In striking similarity to the instant case, the Kentucky appellate court observed:

> Much of the testimony considered by the trial judge concerns the conversations and dealings between the superintendent of the Johnson County Board of Educa-

tion and various intermediaries and Lewis in an effort to get him to agree to accept a job denominated as Director of transportation. Lewis refused because apparently he considered that he should have been offered employment compatible with his training and previous experience as a principal and teacher. It is the position of the Board that such refusal constituted an abandonment and a valid termination of Lewis' employment status, whatever it may have been.

*Id.* at 923.

In remanding the case for fuller development of the facts regarding Lewis' employment status and its termination, the court offered the following admonition, which we find particularly instructive in the case before us:

> The means by which a tenure contract may be terminated are set forth by statute. KRS 161.720(4), 161.790, and 161.800. *Guthrie* `v. Board of Education of Jefferson County, Ky.*, 298 S.W.2d 691. The statutory method should be used rather than the indirect means of unworthy or undesirable reassignment.

*Id.* (emphasis added).

■ In closing, we wish to add that teaching is certainly one of the oldest and most respected professions. *See* 18 Encyclopedia Britannica 9–10 (15th ed. 1980). We take judicial notice that, as with members of the other professions, teachers take great pride in their professional status and seek to remain therein, defending their rights as professionals. Kentucky's Legislature has gone to great lengths to ensure and protect the continued professionalism of the state's public school teachers, affording them procedures for pretermination review far in excess of the requirements of federal constitutional due process. See Appendix to this opinion.

---

1. Ky.Rev.Stat. § 161.030(1) provides in part:
   The certification of all teachers and other school personnel is vested in the state board for elementary and secondary education. When so certified, teachers and other school personnel shall not be required to have licensure, certification, or other forms of approval from any other state agency for the perform-

   ance of their respective assignments within the common schools. All certificates authorized under KRS 161.010 to 161.126 shall be issued in accordance with the published rules and regulations of the state board for elementary and secondary education through the superintendent of public instruction.

We also judicially notice that a high school principal is a part of the teaching profession, albeit he (or she) may not teach a class. Teacher assignments, curriculum, and handling major student learning or disciplinary problems are all part of the principal's job and very much a part of the teaching profession. On the other hand, nothing in this record suggests that the job of Supervisor of Transportation has anything to do with teaching. Indeed, we believe that affirmance of the judgment below would open the door for any Kentucky school board to evade the careful statutory hearing requirements by simply transferring any teacher from a professional teaching job to that of school janitor (at the same pay), thereby hoping to secure a "voluntary" quit.

For these reasons, the judgment of the District Court in taking pendent jurisdiction is affirmed and its judgment in dismissing plaintiff Crawley's state law cause of action with prejudice is reversed and remanded so that appellant Crawley may have the hearing contemplated by Kentucky Law (Ky.Rev.Stat. § 161.790).

## APPENDIX

161.790 Termination of contract by board; causes for; procedure; suspension pending trial; appeal

(1) The contract of a teacher shall remain in force during good behavior and efficient and competent service by the teacher and shall not be terminated except for any of the following causes:

(a) Insubordination, including but not limited to 1. violations of lawful rules and regulations established by the local board of education for the operation of schools, and 2. refusal to recognize or obey the authority of the superintendent, principal, or any other supervisory personnel of the board in the performance of their duties;

(b) Immoral character or conduct unbecoming a teacher;

(c) Physical or mental disability;

(d) Inefficiency, incompetency, or neglect of duty, when a written statement identifying the problems or difficulties has been furnished the teacher or teachers involved.

(2)(a) Charges on the above causes shall be supported by written records of teacher performance by the superintendent, principal, or other supervisory personnel of the board.

(b) Marriage of a teacher shall not be cause for termination of the contract.

(3) No contract shall be terminated except upon recommendation of the superintendent and unless the teacher is furnished with a written statement, specifying in detail the charge or charges against said teacher, signed by the chairman and secretary of the board of education and naming a date and place at which the teacher may appear before the board of education and answer said charge or charges. Said date for the hearing shall not be less than twenty (20) nor more than thirty (30) days after the service of such charges upon the teacher. The teacher shall within ten (10) days after receipt of the written statement of such charges notify the board of education of his intention to appear and answer such charges, and upon failure of the teacher to give such notice, the board of education may dismiss the teacher by a majority vote and such dismissal shall be final.

(4) Upon receipt of the teacher's notice of intention to appear and answer such charges, the board of education shall issue such subpoenas as shall be necessary for the determination of the issues involved. The issue shall be heard at the time and place set and the hearing shall be public or private at the discretion of the teacher. Both parties may be represented by counsel and may require the presence of witnesses upon subpoena. Each witness shall be required to take oath or affirmation before an officer of the board of education. The board of education shall provide for a stenographic report of the proceedings and furnish the teacher with a copy. Upon completion of both sides of the case the board of education may by a majority vote dismiss the teacher or may defer its action for not more than five (5) days.

(5) The board of education may, on recommendation of the superintendent, suspend a teacher pending final action to ter-

454

minate his contract if, in its judgment, the character of the charges warrants such action. If after the hearing the decision of the board is against termination of the contract, the suspended teacher shall be paid his full salary for the period of such suspension.

(6) The teacher shall have a right to make an appeal both as to law and as to fact to the circuit court. If said appeal is not made within thirty (30) days after dismissal, then the decision of the board of education shall be final. Such appeal shall be an original action in said court and shall be commenced by the filing of a petition against such board of education, in which petition the facts shall be alleged upon which the teacher relies for a reversal or modification of the order of termination of contract. Upon service or waiver of summons in said appeal, such board of education shall forthwith transmit to the clerk of said court for filing a transcript of the original notice of charges and a transcript of all evidence adduced at the hearing before such board, whereupon the cause shall be at issue without further pleading and shall be advanced and heard without delay. The court shall examine the transcript and record of the hearing before the board of education and shall hold such additional hearings as it may deem advisable, at which it may consider other evidence in addition to such transcript and record. Upon final hearing, the court shall grant or deny the relief prayed for in the petition as may be proper under the provisions of KRS 161.720 to 161.810 and in accordance with the evidence adduced at the hearing. Either the teacher or the board of education may appeal from the action of the court to the Court of Appeals.

BOYCE F. MARTIN, Jr., Circuit Judge, dissenting.

I respectfully dissent. Plaintiff is entitled to a hearing under the relevant Kentucky law only in the event of either termination of his continuing service contract or administrative demotion. Because plaintiff is currently under contract with the Board, continues his employment as an administrator, and concedes that he has not been demoted, he has not established that he has been denied a procedural right under Kentucky law.

In my view, the action taken by the Board was a "lateral transfer" to an administrative position of similar rank and pay, within the meaning of section 161.720(9) of the Kentucky Revised Statutes. The Board has the power under Kentucky law to take such an action without a hearing.

The majority relies on *dicta* in *Lewis v. Board of Educ. of Johnson County*, 348 S.W.2d 291 (Ky.1961) for the proposition that transfer to a "non-certified" administrative position amounts to termination under the Teachers' Tenure Act, Ky.Rev.Stat. 161.720(4), 161.790, 161.800. Evidently the majority failed to read *Lewis* carefully. In that case, a school principal *refused* a proffered reassignment to the post of transportation supervisor. The school board considered Lewis' refusal to be an abandonment and a valid termination of his employment status. It is clear that the event which triggered Lewis' potential right to a hearing under state law was the actual *termination* of his employment contract with the school board. The case was remanded for determination of Lewis' employment status, and for consideration of whether the reassignment was "unworthy or undesirable."

Based on my reading of *Lewis*, I cannot subscribe to the majority's reasoning which leads to the following assertion: "plaintiff's claim that the transfer to a non-certified position amounted to 'termination' as a 'teacher' does appear to be accurate," under the Teachers' Tenure Act. (*See* majority opinion at p. 452.) Under Kentucky law, neither teachers nor principals have an entitlement to the specific job to which they are assigned. *Snapp v. Deskins*, 450 S.W.2d 246 (Ky.1970); *Huff v. Harlan County Board of Educ.*, 408 S.W.2d 457 (Ky.1966). Under section 161.720(9), lateral transfers to positions of similar rank and pay or minor alterations in pay increments are not considered demotions. *See Cooper v. Board of Educ. of Somerset*, 587 S.W.2d 845 (Ky.App.1979). The record shows that the transportation position was similar in rank to the principal position, and afforded plaintiff an equivalent salary.

The fact that plaintiff was disgruntled by the prospect of overseeing transportation personnel does not negate the legitimacy of the Board's actions.

The record does not support the majority's conclusion that plaintiff was "terminated" by a legitimate lateral transfer. The record is devoid of evidence to suggest that plaintiff's continuing service contract was terminated, suspended, or impaired in any way. Under section 161.720(4), such a contract is for the employment *of* a teacher, and may only be terminated *in accordance* with section 161.790 or 161.800. The majority has misread the language of the statute in tacitly substituting "employment *as a* teacher." It has essentially invented a non-existent procedural requirement which promises to hamper effective personnel administration in the Kentucky school system. Under Kentucky law the procedural safeguards of section 161.790, which governs termination, do not apply to either the assignment of duties or the reduction of salaries. *See Sparks v. Board of Educ. of Ashland,* 549 S.W.2d 323 (Ky.App.1977). However, according to the majority opinion in this case, they now do.

For these reasons, I dissent.