Forrest E. STAFFORD, Appellant,

v.

BOARD OF EDUCATION OF CASEY COUNTY, Kentucky, a corporate entity; Dale Wolford, individually and as Superintendent of the Casey County Schools; Tony M. Price, Jerry Sandusky, Joe Williams, Jr., and Arthur Garrett, each individually and as a member of the Board of Education of Casey County, Kentucky, Appellees.

Court of Appeals of Kentucky.

Sept. 24, 1982.

Arthur L. Brooks, Lexington, for appellant.

John W. Murphy, Jr., Liberty, for appellees.

Before HOGGE, McDONALD and VANCE, JJ.

HOGGE, Judge.

Forrest E. Stafford, who is now the principal of the Liberty Middle School, appeals

from a summary judgment of the Casey Circuit Court denying him reinstatement as principal of Casey County High School. Stafford contends that his transfer to the Middle School was a demotion within the meaning of KRS 161.720(9), and was illegal as the appellees failed to follow the required demotion procedures. He further asserts that the action was not valid even as a lateral transfer, for the reason that it was taken without recommendation of the Superintendent. Stafford's third argument is that the trial court erred in allowing the defendant's attorney to prepare findings of fact and conclusions of law.

KRS 161.765 provides that an administrator who has completed three years of administrative service, such as the appellant, cannot be demoted unless and until certain specified procedures have been complied with. It is the appellant's contention that his transfer and reassignment was a demotion, and was illegal in view of the failure to follow the prescribed procedures, KRS 161.720(9) states that the terms "demote" or demotion for the purpose of KRS 161.765:

Shall mean a reduction in rank from one position on the school district salary schedule to a different position on that schedule for which a lower salary is paid. The terms shall not include lateral transfers to positions of similar rank and pay or minor alterations in pay increments required by the salary schedule.

The appellant contends that since the middle school principal has normally worked one week less than the high school principal and in the past received a slightly lower salary that the transfer was clearly a demotion. The appellant also observes that the principal of the middle school supervises fewer teachers.

■ The minutes of the meeting at which the appellant was transferred to the position of principal at the Middle School indicate that a motion was made to set the salaries of all school administrators the same as they had been the previous year. Thus it appears that it cannot be said that there has been a reduction in salary. Although the appellant points out that the

deposition of Mr. Wolford, who was preparing to take over the superintendent's position at the time of the transfer, declines to say what will be done in future years, it is the present with which we are concerned. Where an educator is transferred to a position of less responsibility, and the transfer is not accompanied by an immediate major reduction in pay, but there is to be a reduction in a subsequent year, the transfer becomes a demotion *when* (and if) that reduction takes place. *Cooper v. Board of Education,* Ky.App., 587 S.W.2d 845 (1979). Thus we believe that under the undisputed facts of this case, it cannot be said that appellant has been reduced from one position on the salary schedule to a position for which a lower salary is paid.

The appellant contends that even if he has not been demoted without proper procedures being followed, it is clear that he has been transferred without the required procedures. KRS 160.380 provides that all transfers of principals shall be made only upon the recommendation of the superintendent of schools.

■ The appellee introduced affidavits which indicate that the transfer of Stafford was made upon the recommendation of the Superintendent. However, the minutes of the meeting fail to show that the reassignment of Stafford was made with the recommendation of the Superintendent. The Board had the power to amend its minutes to add or correct in order to reflect the actual events which occurred at the meeting. *Commonwealth v. Combs,* Ky., 426 S.W.2d 461 (1968); *Janutola and Comadori Construction Company v. Taulbee,* 229 Ky. 213, 16 S.W.2d 1026 (1929); *Commonwealth v. Combs,* Ky., 426 S.W.2d 461 (1968). However, this was not done.

■ The Board of Education can speak only through its minutes. *Commonwealth v. Ford,* Ky., 444 S.W.2d 908 (1969); *Cook v. Board of Education of Carter County,* Ky. App., 576 S.W.2d 270 (1979). In *Lewis v. Board of Education of Johnson County,* Ky., 348 S.W.2d 921, 923 (1961) the Court stated that "[s]uch records cannot be enlarged or restricted by parol testimony.... The for-

mal records constitute the only legal evidence of all that was done .... and *that nothing more was done.*" [Emphasis added.] In light of this we are constrained to hold that the evidence outside the minutes of the Board could not be utilized to prove that the transfer was with the recommendation of the Superintendent as required by KRS 160.380, and that the Circuit Court erred in failing to hold the transfer void. This conclusion is not affected by the failure of the plaintiff-administrator to object to oral testimony as to what took place at the meeting of the Board, in view of the fact that the parol evidence rule is not a rule of evidence but rather one of substantive law. *Johnson v. Johnson,* 297 Ky. 268, 178 S.W.2d 983 (1944); 30 Am.Jur.2d *Evidence* §§ 1017, 1022, 1028.

■ The appellees have also contended that the defendant "opened the door" to the admission of such evidence by questioning witnesses as to what took place at the meeting in the course of a discovery deposition, and therefore cannot object. The rule regarding waiver of objections by "opening the door" to inadmissible evidence pertains to the law of evidence. *Howard v. Commonwealth,* Ky., 447 S.W.2d 611 (1969). As we have stated, the parol evidence rule is a rule of *substantive* law rather than a rule of evidence, and as no objections are required in order for the court to disregard the parol testimony, 30 Am.Jur.2d *Evidence* § 1022, the concept of waiver of objections is irrelevant as to the parol evidence rule. Therefore this argument is without merit, and does not affect our holding that the trial court was under an obligation to disregard any parol evidence as to the events which took place at the meeting of the Board.

The appellant contends that this case should be reversed because the trial court failed to make his own findings of fact and conclusions of law.

■ This case is somewhat unusual in that the trial court told both parties to draft findings and conclusions and then adopted verbatim the set of findings and conclusions which more closely reflected his thoughts as to the appropriate disposition of the case. Such a practice is not proper, as the trial court should have either made an oral statement as to his findings and conclusions for the benefit of counsel in completing the physical task of drafting the finding of fact and conclusion of law or in some other manner retained control of the decision making process. (*See,* for example, *Bingham v. Bingham,* Ky., 628 S.W.2d 628 (1982) in which the trial judge examined the proposed findings and conclusions and made several additions and corrections to reflect his decision in the case). However, as we are reversing the case on the basis of the issue as to compliance with KRS 160.-380, we do not find it necessary to reach the issue regarding the findings of fact and conclusions of law, and therefore we do not reverse on that issue.

The judgment of the Casey Circuit Court is reversed, and the case is remanded for further proceedings consistent with this opinion.

All concur.