BOARD OF EDUCATION OF PERRY COUNTY, Kentucky, Kenneth Colwell, Superintendent of Perry County Schools, Movants,

v.

Teresa JONES, Respondent.

No. 90–SC–399–DG.

Supreme Court of Kentucky.

Jan. 16, 1992.

Alva A. Hollon, Jr., Hollon, Hollon & Hollon, Hazard, for movants.

Jane V. Fitzpatrick, Ron L. Walker, Jr., Brooks, Coffman and Fitzpatrick, Lexington, for respondent.

REYNOLDS, Justice.

The Court of Appeals, with one judge dissenting, reversed the Perry Circuit Court judgment which held that appellee teacher was employed by appellant, Perry County School Board, for a one-year probationary term rather than as a tenured teacher. Discretionary review was granted.

Teresa Jones, from 1976 to 1982, had been hired as a teacher and attained continuing contract (tenure) status in the Harlan County School System. In June, 1982, she sought employment with the Perry County system. Before resigning from the Harlan County system she met with Perry County Board of Education officials which resulted in her execution of an employment contract on July 29, 1982. The instrument was entitled "Limited Contract of Employment" and subsequently at the Board of Education meeting on August 12, 1982, this contract was executed by the school board chairman and secretary. The board minutes of even date, under Item 33, are as follows:

#33 CERTIFIED PERSONNEL EMPLOYED AND PLACED

On recommendation of Kenneth Colwell, Superintendent, and on motion of Paul Alexander, seconded by Douglas E. Campbell, it is ordered to employ and place the following certified personnel for school year 1982–83:

. . . . .

Theresa (sic) Jones—Leatherwood

. . . . .

4 Voted Yes, except Douglas E. Campbell voted no on Douglas Campbell, Jr. and all other Board members voted no on any relative.

The Board, at the end of the 1982–83 school year, decided not to rehire appellee and notice was given. The reasoning advanced for nonrenewal of employment was loss of federal funding and necessity of making positions available for those teachers returning from leaves of absence.

In the action against the Board, appellee contended that she was originally hired on a continuing contract/tenured status. It was argued that she was a tenured teacher in the Harlan County system and that such status transferred to the Perry County School System. The trial court considered evidence which included the Board's minutes, the employment contract and testimony relating to interviews between appellee and school officials, from which it concluded that Ms. Jones had been employed as a probationary employee pursuant to KRS 161.740.

The Court of Appeals reversed and held that the trial court erred by going outside the official record (the minutes of the Board) and considering other evidence, including the signed employment contract. It was further stated that there was no lack of clarity as to appellant's status. We disagree.

At issue is whether appellee was hired by the Board in a continuing service contract (tenured) status or in a one-year probationary status.

KRS 161.730 mandatorily requires each board of education to enter into written contracts of employment with all teachers. These contracts are either "limited" or "continuing." On review, a "limited contract" means a contract for the employment of a teacher for a term of one year only or for a portion of a school year. KRS 161.720(3). A "continuing service contract" is defined as being a contract for the employment of a teacher which shall remain in full force and effect until the teacher resigns or retires, or reaches the age of 65, or is terminated or suspended as provided in KRS 161.790 and KRS 161.800. KRS 161.720(4).

Appellee had previously attained a continuing service status in the Harlan

County School System. KRS 161.740(1)(c), which refers to transfer teachers, provides for the retention of that status in another district provided, however, that the latter district may require a one-year probationary period of service in that district before granting continuing status. The contract which was executed by the parties and approved by the Board clearly falls within this statutory provision. The act of employment arising from this contract is noted in the Board minutes of August 12, 1982.

The core of this case is whether or not appellee had a limited contract status resulting from the Board action of August 12, 1982. The minutes simply fail to reflect appellee's status of employment. In the case of *Moore v. Babb,* Ky., 343 S.W.2d 373 (1960), wherein the type of contract was at issue, the record and facts in relation thereto were admitted into consideration for the court to adjudge the main issue summarily.

■ The contract of employment herein is subject generally to the rule that contracts of public bodies, including boards of education, are made with reference to existing statutes and that the applicable statutory provisions enter into the contracts by operation of law. *Moore v. Babb, supra; Johnson Bonding Co., Inc. v. Commonwealth,* Ky., 487 S.W.2d 911 (1972).

■ The trial court entered findings of fact, some of which related to parol evidence arising from interviews between appellee and school officials. We agree with the holding of the Court of Appeals that this type of evidence was clearly inadmissible. However, the trial court's conclusions of law were based solely upon the formal records of the school board, including various minutes, the limited contract of employment, and the Board letter giving appellee notice of nonrenewal of contract. Generally, the governing body of a municipal corporation or a board of education speaks only through its records and wherein authority is conferred to either make or terminate contracts by proceedings and where its acts are recorded and authenticated. *See County Board of Education of Warren County v. Durham,* 198 Ky. 733,

249 S.W. 1028 (1923). The records may not be enlarged or restricted by parol evidence. *Lewis v. Board of Education of Johnson County,* Ky., 348 S.W.2d 921 (1961). However, under this very same authority, where it may be difficult or impossible to determine Ms. Jones' employment status from the August 12, 1982, minutes alone, there may be other Board records which would prove enlightening. Her status, therefore, was determined correctly by the trial court from all pertinent and competent records, notwithstanding any parol evidence.

The appellee's reliance upon *Stafford v. Board of Education of Casey County,* Ky. App., 642 S.W.2d 596 (1982), and like authority, is misplaced as is the implied argument that the record is confined to the minutes of the August 12, 1982 meeting. We think that the appellee's authority that the transcript of the minutes shall constitute "the record" merely expresses the standard rule that a public body can "speak only through its records." *Lone Jack Graded School Dist. v. Hendrickson,* 304 Ky. 317, 200 S.W.2d 736 (1947). This rule has reference only to the actions of the body and has never, to this Court's knowledge, been held to preclude consideration of a record of evidence heard by the body upon which it bases its action. *Gentry v. Ressnier,* Ky., 437 S.W.2d 756 (1969).

■ The Board minutes do not disclose appellee's employment status. An inherent uncertainty arises, not from the words of the minutes, but from the absence of words which prohibits a definite ascertainment as to the meaning and intention of the parties. The minutes, standing alone, are not clear, but are ambiguous as they are susceptible to two very different meanings. Resorting to other pertinent records is permissible. *Gentry v. Ressnier, supra; Lewis v. Board of Education of Johnson County, supra.* The employment contract signed by appellee is clearly designated a "Limited Contract of Employment" appearing in large block letters and in bold type. This document unequivocally designates the period of employment under the contract as one year and nowhere provides that her

contract was one of a continuing nature or tenured status. Additional Board minutes introduced into the record by appellee clearly designated the exact status of other teachers being employed.

The opinion of the Court of Appeals is reversed and the judgment of Perry Circuit Court is reinstated.

STEPHENS, C.J., and LAMBERT, LEIBSON and SPAIN, JJ., concur.

COMBS, J., dissents.

WINTERSHEIMER, J., dissents by separate opinion.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent from the majority opinion because the status of a tenured teacher is controlled by the minutes of the Board which has an affirmative duty to indicate the nature and length of the employment.

I must strongly disagree with the majority opinion that states that the actions of the Board as recorded in the minutes are ambiguous or unclear in any way. The minutes simply show silence as to her contractual status. Other minutes and testimony indicate a pattern of specific statements in similar situations. This is exactly the kind of situation in which the official minutes of the Board must control.

There was a great difference in the testimony offered by the parties as to whether Mrs. Jones was hired on a continuing contract or tenure status or pursuant to a limited contract of employment for a one-year probationary period which was subject to nonrenewal. Mrs. Jones claims she did not read the form contract of employment which she signed and two school board administrators state that she was repeatedly informed that she was being hired on a probationary basis and that they insisted that she read the contract. There is no dispute that Mrs. Jones had acquired tenure in the Harlan County school system prior to her employment with the Perry County schools. Pursuant to K.R.S. 161.-740, the Teachers' Tenure Act, a teacher who has attained continuing contract status or tenure and transfers to another school district within the state retains the status as a tenured teacher unless the new school district requires a one-year probationary period. K.R.S. 161.740(1)(c). The statute states that "the continuing contract of a teacher shall not be deemed to have terminated when the teacher leaves employment ... and the continuing service contract will be transferred to the next school district...."

Clearly the legislature has statutorily required school districts to affirmatively act to require a probationary period and failure to do so means that a teacher retains tenured status. The provisions of this statute are fully incorporated by law into the terms of the contracts between the parties. *See Moore v. Babb*, Ky., 343 S.W.2d 373 (1961). Thus it was absolutely incumbent on the school board to exercise its opinion and limit Mrs. Jones' teaching status if it desired to do so. The official minutes reflect that no such option was exercised and consequently, it can only be concluded that the Board chose not to employ her under that restriction notwithstanding the heading of the form employment contract.

The only probative evidence of the intention of the Board is provided by the minutes. It is a well-established rule in Kentucky that a local school board may speak only through its minutes which cannot be enlarged on or restricted by parol evidence. *Stafford v. Board of Education of Casey County*, Ky.App., 642 S.W.2d 596 (1982); *Cook v. Board of Education of Carter County*, Ky.App., 576 S.W.2d 270 (1979); *Commonwealth v. Ford*, Ky., 444 S.W.2d 908 (1969). There is a strong presumption that such minutes of a school board are correct and they will not be overturned in the absence of a showing of fraud or mistake.

*Stafford, supra,* holds that evidence outside the minutes of the Board could not be utilized. The specific issue has been addressed by the Attorney General in an advisory letter given to school boards which recommends that probationary terms of employment be included in board minutes. *See* 74 O.A.G. 396.

The Court of Appeals correctly distinguished the case of *Lewis v. Board of Education of Johnson County,* Ky., 348 S.W.2d 921 (1961). That decision did not involve the interpretation of a statutory provision and there was no lack of clarity or ambiguity in this case contrary to the assertion by the majority. Here there was simply silence or inaction and the failure of the Board to exercise an affirmative duty to state the condition of employment. No such duty was involved in *Lewis.*

K.R.S. 161.740(1)(c) specifically provides that a teacher shall retain tenure unless placed on probation. The Board failed to act pursuant to the statute through its minutes and consequently the decision of the Court of Appeals should be affirmed.